In the Matter of HILDA BROWN, Petitioner, against CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, March 16, 1950.

*Hilda Brown,* petitioner in person.

*John P. McGrath, Corporation Counsel,* for respondents.

EDER, J. Application denied and petition dismissed. The proceeding herein is barred by the four months' Statute of Limitations, section 1286 of the Civil Practice Act.

As shown by petitioner's Exhibit XI, she was dismissed from the department of welfare and removed from the payroll effective as of the closing of business September 29, 1949. The determination to be reviewed became final and binding at that time. Section 1286 provides that a proceeding under article 78 of the Civil Practice Act to review such determination must be instituted by *service* of the petition and accompanying papers within four months after the determination to be reviewed becomes final and binding upon the petitioner. The four months' period commenced to run from September 30, 1949, and this period of limitation expired on January 30, 1950.

The proceeding herein was not instituted against the commissioner of welfare until February 2, 1950, and service was made on the City of New York on February 1, 1950.

Petitioner seeks to overcome this defense by arguing that the order to show cause was signed on January 30, 1950, and provided for service as of February 3, 1950, and that service was made on February 1, 1950, on the corporation counsel, for the city, and on February 2, 1950, on the commissioner of welfare.

The *signing* of the order to show cause was not the commencement of the proceeding; the proceeding is instituted by the *service* of the petition and notice or order to show cause (Civ. Prac. Act, § 1289; *Matter of Levine* v. *Lending,* 176 Misc. 462). The court could not extend the tolling of the statute by a provision for service outside the period of commencement prescribed by section 1286.

Petitioner also urges that the proceeding was timely instituted for the reason that on October 16, 1949, she wrote a letter to the commissioner which she says was tantamount to a demand by her that he revoke his determination dismissing her, and that under the provisions of section 1286 she had four months' time to institute this proceeding from the time of his refusal to do so. The commissioner made no response to her letter and this she claims was tantamount to a refusal. Her letter states the following: " Your letter of dismissal is mala fide and has no legitimate basis."

This was merely a statement of her disapproval of his action. It is not a formal demand for reinstatement, though petitioner says it implies a demand for good faith action by him.

Assuming, *arguendo,* petitioner made a formal demand and his disregard constitutes a refusal, it does not aid petitioner.

It is held that the statute must be deemed to run from the date when the first decisive ruling is made. (See *Matter of Morganstein* v. *Arnstein*, 43 N. Y. S. 2d 243.) The ruling here was made decisive on September 28, 1949, effective as of September 29, 1949, at the close of business that day and the statute, as stated, commenced to run from September 30, 1949 (General Construction Law, § 30) and expired on January 30, 1950.

It seems clear that the proceeding herein is barred for the reasons stated. Settle order.