Witmer, J.
The original petition herein was dismissed by Roberts, J., with permission to amend (Matter of McDermott v. Johnson, 1 Misc 2d 55), and petitioners served an amended petition. Respondent, Superintendent of the Department of Public Works of the State of New York, has moved to dismiss the amended petition, wherein petitioners seek a review under article 78 of the Civil Practice Act of the act of respondent in removing them from positions of employment in his department. The motion is made upon the ground that it appears upon the face of the amended petition that the proceeding was not brought within the four months’ period required by section 1286 of the Civil Practice Act.
The alleged facts, which for the purpose of this motion are deemed true, are that petitioners are exempt firemen, that they were employed by respondent seasonally from April 1st to November 30th of each year, and that when each “ reported for work on or about April 1, 1955, as was the custom in his job and as had occurred in years past, he was advised by the person in charge that he would not be allowed to work which was his first notice of an official firing ”, and that petitioners “were then advised that they would not be reinstated ”. That petitioners were discharged without just cause and without a hearing to which they were entitled under section 22 of the Civil Service Law; that thereafter petitioners asked the ‘ ‘ head of the Law Committee of the Firemen’s Association of the State of New York, to seek to compel reinstatement and to compel the respondent to perform his duty ’ ’; that he did contact respondent, and on August 30, 1955, respondent advised him ‘ ‘ that the petitioners would not be reinstated ’ ’.
Petitioners contend that under section 1286 of the Civil Practice Act there are two different bases or starting points for the running of the four months’ period, the first being the time of discharge and the second being the time that respondent refuses a later demand, if any, for reinstatement. I do not read the law in that manner. The only part of the section which applies to a case such as this is the provision that the proceeding to review must be commenced “ within four months after the determination to be reviewed becomes final and binding, upon the petitioner ”. In this case that time was April 1, 1955. The second provision in section 1286 which fixes the time of respondent’s refusal, upon demand, to perform his duty refers to other factual situations, such as where one’s position has been abolished, and it is later re-established. (See Matter of O’Connell v. Kern, 287 N. Y. 297, and Matter of Stutson v. O’Connell, 276 App. Div. 602.)
*855 Since this proceeding was not begun within four months of April 1,1955, the statute has run, and the motion to dismiss the petition is granted. (Matter of Hall v. Leonard, 260 App. Div. 591, 595, affd. 285 N. Y. 719; Matter of Griest v. Hooey, 205 Misc. 396, 400; Matter of Mallen v. Morton, 199 Misc. 805, 811; Matter of Brown v. City of New York, 198 Misc. 147.)
Submit order accordingly.