■ In the Matter of WILBUR McDERMOTT et al., Appellants, against JOHN JOHNSON, as Superintendent of the Department of Public Works of the State of New York, Respondent.— Order reversed on the law, without costs of this appeal to any party, and matter remitted to Special Term for a determination of the issues involved. Memorandum: This is an article 78 proceeding to compel the reinstatement of former employees of the Department of Public Works. Respondent has moved for a dismissal of the proceeding on the ground that it was not commenced within the time limited by section 1286 of the Civil Practice Act. Petitioners are exempt volunteer firemen, and a trial is required to determine whether the nature of their work was such that they are entitled to the protection of section 22 of the Civil Service Law. Concededly, they were innocent of incompetency and misconduct, and were discharged without a hearing. Assuming, as we must for purposes of this motion, that the allegations of the petition are true, we cannot say as a matter of law that petitioners are not protected by the provisions of section 22. If they are, then the proceeding is one "'to compel performance of a duty specifically enjoined by law'" and was timely commenced (Civ. Prac. Act, §§ 1284, 1286; *Matter of Peruzzin* v. *Test,* 282 App. Div. 550). All concur, except Kimball and Bastow, JJ., dissenting in part in the following memorandum by Bastow, J., in which Kimball, J., concurs: Memorandum: I part company with the majority in their assumption that it cannot be said that peti-

tioners are not protected by section 22 of the Civil Service Law. Civil servants must fall into one of four classes, exempt, competitive, noncompetitive and in cities, the labor class (Civil Service Law, § 12). In which class did these petitioners belong? We search the amended petition in vain for any hint. Two are described as canal helpers and one as a barge canal bank watchman. Their duties are described. The answer alleges that they had "seasonal employment in the exempt class of the classified service of the State". It is further alleged that they were "temporary laborers" as defined in section 20 in the exempt class. All of this is denied in the reply. There are personnel sheets for two of the petitioners inserted in the record. This classifies them as "labor". It thus appears that petitioners have not by appropriate allegation or admission attempted to define their civil service status. It is recognized that section 22 speaks of one holding a position by appointment or employment but the section exempts temporary and provisional appointments and possibly this might be construed to include "temporary laborers". Special Term apparently assumed that petitioners came within subdivision 1 of section 22, but without deciding the issue, passed to the legal question. I would reverse and remand for a hearing to determine whether petitioners come within the purview of subdivision 1 of section 22. If this question should be answered in the negative the legal question as to the timeliness of the commencement of the proceeding would become academic. If the question should be answered in the affirmative, it would then be appropriate to pass to the question that the majority is deciding upon an "assumption" that petitioners are in the exempt class. (Appeal from an order of Monroe Special Term, granting respondent's motion for a dismissal of the proceeding to review the action of respondent in removing petitioners from positions in his department.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ. [1 Misc 2d 853.]