Matthew M. Levy, J.
This is a motion by the respondent for an order staying arbitration noticed by infant claimants for failure to comply with CPLR 1209, and also on the ground that ¡the demand for arbitration was defective in that it did not set forth the amounts sought by each of the two claimants.
In respect of the latter objection, conceded by the claimants to be valid, the respondent has consented that leave be given to file a substitute demand to correct the omission, in view of the fact that the amounts indicated in the proposed amended demand are within the arbitrable limits of the MVAIC endorsement on the insurance policy. The respondent presses, however, *673 its objection as to the other branch of the motion, and my disposition thereon makes moot the necessity of the entry of any order on the second objection.
CPLR 1209 provides: “A controversy involving an infant or person judicially declared to be incompetent shall not be submitted to arbitration except pursuant to a court order made upon application of the representative of such infant or incompetent ”.
Each of the present claimants is under the age of 21 years, and each failed to secure permission of the court prior to presenting his claim to arbitration. That would seem to dispose of the matter in the light of the express language of the statute. But the claimants argue that the instant arbitration is not a statutory one under the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A), but a contractual one between the claimants, as the “insured ”, and the MVAIC, under the policy endorsement issued by the insurance company to one of the claimants, and that neither the policy nor the endorsement nor the Rules of the American Arbitration Association (under whose auspices the arbitration is to be had, as provided in the endorsement) require prior court approval even though the claimant be an infant.
There is nothing in the policy or the endorsement or the rules which expressly cover the situation, one way or the other. And that is not conclusive, one way or the other, as the history of arbitration procedures will show.
The right of a contracting party to insist upon arbitration was not always a common-law right (see Berkovitz v. Arbib & Houlberg, 230 N. Y. 261, 270). Indeed, until as late as 1920, an agreement to submit future disputes to arbitration was not subject to enforcement in this State (see Seventeenth Annual Report of N. Y. Judicial Council, p. 231). Validity and enforcement are entirely dependent upon statute. That being so, the Legislature may regulate or limit the exercise of that right and establish procedures for its enforcement. And, particularly, where — as here — from time immemorial, an infant and an incompetent have been wards of the court, it is not only permissible, but entirely appropriate, for the Legislature to confer upon the court the express responsibility of passing upon the propriety of the ward’s efforts to submit a controversy to arbitration.
CPLR 1209 is not a recent innovation. That an infant’s representative must first make application to the court for an order to permit him to submit the claim to arbitration was also in the Civil Practice Act (§ 1448, subd. 1). That statute pro *674 vided that a controversy cannot be arbitrated where one .of the parties was under a stated disability. This ‘ ‘ provision affects both statutory and common law arbitrations ” (Prasbker, New York Practice [4th Prasbker and Trapani ed.], p, 960, n. 10). The CPLB did not, in this respect, differentiate between the' two bases for arbitration. That is all the more a wise legislative decision, when it is recognized' — as appears from a consideration of the other branch of the respondent’s motion for a stay of arbitration- — that, whatever the ward’s damages may be, there is here a contractual ceiling to his recovery under the very terms of the arbitration contract.
Accordingly, the motion is granted and the claimants are directed to proceed in accordance with the provisions of CPLR 1209, (Cf. Chernick v. Hartford Acc, & Ind. Co,, 8 A D 2d 264, affd. 8 N Y 2d 756.)