Matthew M. Levy, J.
The respondent Motor Vehicle Accident Indemnification Corporation moves for an order staying arbitration in an alleged ‘1 hit and run ’ ’ incident, or in the alternative, directing a trial of unresolved issues of fact presented as conditions precedent to arbitration.
The moving and answering papers are somewhat confusing, not alone when read together, but each on its own, and there is not presented a sequential statement of fact upon which I can depend. No notice or proof of claim is submitted; nor any copy of report to or from the Police Department or Motor Vehicle Department. No demand for arbitration is exhibited. Yet all of these documents are referred to in the affidavits or statements, which are made by the respective attorneys, and each says the other is presenting hearsay. By means of a combination of distillation, inference and assumption, I gather the following factual situation, which I trust is an accurate one:
Balph Klein and Lee Klein are husband and wife, parents of Barry Klein and Miriam Klein, infants. The adult Kleins are entitled herein as the petitioners (but, cf., Matter of Graffagnino [MVAIC], 48 Misc 2d 441) with Lee Klein proceeding not only individually, but also “ as Parent and Guardian ” of the infant Kleins. Nevertheless, in an opposing affidavit, the petitioners’ counsel states that Balph’s claims are not only “ derivative in nature as to his wife and the infants for loss of services ”, but also “ as guardian ad litem for the two infants ”.
An automobile accident occurred involving three vehicles. Lee was the driver of one of them, and her infant children were passengers. Presumably all three were injured. Who was the owner of the Klein automobile does not appear. Ascertainment of and knowledge as to the ownership and operation at the time of the two allegedly offending hit-and-run cars arc in issue, as hereinafter indicated.
Notice of claim is required to be filed with MVAIC within 90 days (see N. Y. Auto. Acc. Ind, Endorsement, “ Conditions ”, subd, 3). The■ petitioner Balph Klein has filed no notice as *84 regards any individual claim he may have in the 11-month period since the alleged automobile accident. No explanation whatever is given for this delay, and as a consequence it is held unreasonable as a matter of law (Matter of MVAIC [Bieselin], 18 A D 2d 984; Matter of Marcus [MVAIC], 29 Misc 2d 573; see, also, Matter of MVAIC [Cosulich], 23 A D 2d 546). Accordingly, his claim is barred, and insofar as the motion is addressed thereto it is granted.
It would appear that proceedings have been timely commenced in behalf of the remaining petitioners, no objection having been raised in this respect. However, while the petitioners assert that the alleged accident was caused by ‘1 hit and run ’ ’ vehicles, their counsel appears to concede that he has received information concerning the identity of the operators and owners of the vehicles. The standard MVAIC endorsement, pursuant to which arbitration is sought, provides coverage (in this connection) only where “ there cannot be ascertained the identity of either the operator or owner of such hit and run automobile.” Thus a question of fact is raised (and, indeed, a further question, as to whether the driver or owner of the respective offending vehicles is insured, may follow therefrom) which must be tried before the dispute can be submitted to arbitration (Matter of MVAIC [Teubal], 17 A D 2d 930).
An additional infirmity to arbitration at this time is the failure of the infant petitioners to secure permission of the court prior to submission of their claims to arbitration (CPLR 1209). The petitioners obviously misconceive the import of this statutory provision, since they now ask merely that the court appoint a guardian ad litem for each infant, nunc, pro tunc. "While such a guardian may be appointed upon proper petition where necessary and appropriate, CPLR 1201 eliminates the mandatory requirement that a guardian ad litem be appointed where the infant appears by a parent who is adequately able to represent the infant’s interests. CPLR .1209, however, requires that the infant’s representative, whoever he may be, make application for an order of the court permitting the infant’s claim to be submitted to arbitration. (Matter of Coughlin [MVAIC], 45 Misc 2d 672.) Even if I were to deem the petitioners’ request to be such an application, it would be inappropriate to grant such an order now, in view of my determination, hereinbefore made, that, before there can be arbitration here, certain preliminary fact issues must be tried in court. In the event these are resolved in the petitioners’ favor, the parent may thereupon apply for an order in pursuance of CPLR 1209 permitting him to submit the infants’ claims to arbitration.
*85 Accordingly, a hearing is directed on the issues of hit-and-run as noted above, and the arbitration is stayed pending the final decision on such issues.