Matthew M. Levy, J.
One of the nonsubstantive problems especially inherent in a multi-Judge and multi-part court system that has arisen as a result of the recent enactment of the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A) is the matter of processing of proposed orders of the court denying or granting applications for stays of arbitration proceedings after judicial hearings on preliminary issues. *1098 That problem has arisen in the case at bar. In resolving it, I have decided tó express my views formally — as a guide to counsel in future MVAIC cases that may come before me.
The initial procedures undertaken here were routine. The injured persons gave notice of intention to file claim and served demand for arbitration, in accordance with the terms of the pertinent provisions of the New York Automobile Accident Indemnification Insurance Policy Endorsement (Insurance Law, § .60S). On proper application for a stay of arbitration duly made by MVAIC at Special Term Part I of this court, the learned Justice there presiding ordered, in accordance with the usual'practice, (1) that determination'of the motion be held in abeyance pending a trial.by the court of the issue (presented in this, case) as to whether the automobile allegedly responsible for the personal injuries claimed was a “ hit-and-run ’ ’ vehicle within the purview of the applicable clause of the endorsement (Insurance Law, § 617); (2) that the cause be set down fpr trial in the regular manner — by filing a note of issue and a statement of readiness with and paying the required statutory fees to the Clerk of Special and Trial Term Part I, the Trial Calendar Part of this court; and (3) that the injured persons be stayed from proceeding in arbitration until the preliminary question shall have been thus decided. The cause was duly placed upon the calendar, and in due course the Justice there presiding assigned the. matter to Special and Trial Term Part IX for trial, over which part the Justice presiding am I.
■.The hearing was held, the contested issue of fact was tried, and I resolved that issue in favor of the injured persons — i.e., that the automobile causing the injuries complained of was a “ hit- and-run’’.vehicle.
Now, a proposed order has been submitted by. the .successful parties for my signature. No objection thereto has been made by MVAIC. In substance, the order'provides — not only for the formalization of my decision, rendered in open court at Special and Trial Term Part IX, on the preliminary issue referred to me for trial — but also that the order of my learned colleague, made at Special Term Part I, staying arbitration pendente lite be vacated and that the motion of MVAIC for a permanent stay be denied.
I am of the view that, until there be a uniform rule established ■ io the contrary, what I have been asked to do is not within my province,. .As-I see.-it, after an order is signed by the Trial Judge in accordance with.his holding on the preliminary issue tried-hy him, there is-nothing further pending before him. The next step is for the parties to proceed in that part of this court having *1099 jurisdiction of contested motions (Special Term Part I) or of ex parte or consensual applications (Special Term Part II), and there obtain an order vacating the temporary stay and denying a permanent stay — generally and preferably to be signed by the Justice who in the first instance held in abeyance the determination of the motion for a permanent stay of arbitration.
It may be thought that this procedure involves unnecessary expenditure of time and the imposition of needless paper work on the part of counsel and court and judicial personnel. I do not think so. While a hearing was directed of one issue only — which my learned colleague at Special Term Part I wanted resolved on the facts after the taking of testimony — there maybe other bases (as matters of law) for continuing or granting a stay of arbitration. I need not enumerate the possibilities which come to mind. Suffice it to say that one has arisen in this very ease.
The injured persons are infants. They cannot, under the law, proceed to arbitration in their own right. (CPLR 1209; Matter of Coughlin [MVAIC], 45 Misc 2d 672). They must appear by their respective guardians ad litem or by such of their respective parents having legal custody (CPLR 1201; Matter of Klein [MVAIC], 48 Misc 2d 82, Matthew M. Levy, J.). I pointed this out to the parties when I rendered my decision on the record at the close of the hearing. Until there is such due appearance, the court at Special Term Part I may desire to continue the stay of arbitration notwithstanding that I have resolved the contested preliminary issue of ‘1 hit-and-run ’ ’, and thus removed insofar as within my province this impediment to further travel along the road of ultimate conclusion of this controversy.
Accordingly, the annexed proposed order is rejected without prejudice to the submission to me at Special and Trial Term Part IX of a proposed order on notice disposing of the issue tried by me in accordance with my decision, and also without prejudice to the submission of such motion at Special Term Part I or such application at Special Term Part II as the parties may be advised on the basis of contest or consent.