In the Matter of the Arbitration between JONATHAN LOGAN, INC., Appellant, and STILLWATER WORSTED MILLS, INC., Respondent.

First Department, December 17, 1968.

Robert A. Machleder of counsel (Wein, Lane, Klein & Malkin, attorneys), for appellant.

Melvin Beinart of counsel (Hahn, Hessen, Margolis & Ryan attorneys), for respondent.

EAGER, J. The petitioner appeals from a judgment (erroneously denominated as an order) denying its application to stay arbitration, Special Term holding that the application was " time barred, pursuant to the provisions of Rule 7503(c), CPLR."

On April 1, 1968, by certified mail, return receipt requested, the respondent duly served upon the petitioner a notice of intention to arbitrate an alleged arbitrable demand for the balance of the purchase price of goods sold and delivered to the petitioner. The notice of intention fully conformed with the provisions of CPLR 7503 (subd. [c]), including the statement requiring the petitioner to apply within 10 days for a stay. The notice of intention was received by the petitioner on April 2, and on April 11, on application of the petitioner, a Justice of the Supreme Court signed an order to show cause directing

that an application for a stay would be brought on at Special Term on April 22, 1968, that all proceedings be stayed until the application is heard, and that a copy of the order together with papers on which the same was granted should be served upon the respondent on or before the 18th day of April, 1968. The order to show cause, with the accompanying papers, was served upon the respondent's attorneys on April 18, 1968, which was 16 days after receipt as aforesaid of the notice of intention to arbitrate.

The question here is whether there was compliance with the requirement that an " application to stay arbitration must be made " within the 10-day period specified by CPLR 7503 (subd. [c]). The subdivision, in its entirety, reads as follows: " (c) Notice of intention to arbitrate. A party may serve upon another party a notice of intention to arbitrate, specifying the agreement pursuant to which arbitration is sought and the name and address of the party serving the notice, or of an officer or agent thereof if such party is an association or corporation, and stating that unless the party served applies to stay the arbitration within ten days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time. Such notice shall be served in the same manner as a summons or by registered or certified mail, return receipt requested. An application to stay arbitration must be made by the party served within ten days after service upon him of the notice or he shall be so precluded. Notice of such application shall be served in the same manner as a summons or by registered or certified mail, return receipt requested.''

" An application to stay arbitration ", within the meaning of the foregoing provisions, has reference to the " special proceeding " which is " used *to bring before a court* the first application arising out of an arbitrable controversy which is not made by motion in a pending action " (CPLR 7502, subd. [a]). (Emphasis added.)

Pursuant to CPLR 7503 (subd. [c]) aforesaid, the application " must be made " within 10 days after the due service of a proper notice of intention to arbitrate. The application is to be " made " to the court within the 10-day period or, as succinctly put by Mr. Justice STEUER in dissent, " one applies to the court ". So, the application is " made " when the jurisdiction of the court is invoked in accordance with the CPLR provisions respecting the application. (See *Matter of Barns* v. *Osborne,* 286 N. Y. 403.) The application can " be properly

brought before the court *only* by the commencement of a special proceeding '' (*Matter of State-Wide Ins. Co. [Lopez]*, 30 A D 2d 694). In this connection, CPLR 304 provides that a '' special proceeding is commenced and *jurisdiction acquired* by service of a notice of petition or order to show cause.'' (Emphasis added.) And, CPLR 7503 (subd. [c]), aforesaid, further provides that notice of the application for the stay '' shall be served in the same manner as a summons or by registered or certified mail, return receipt requested.'' The application is made by compliance with these provisions. Thereby, the means is provided for invoking the jurisdiction of the court.

The procuring of an order to show cause, as an alternative to the use of a notice of petition, may be a preliminary step to the making of an application. But the ex parte application to a Judge or Justice of a court for an order to show cause does not have the effect of bringing the matter before the court. The mere signing of the order to show cause does not institute a special proceeding. The application is made and the jurisdiction of the court invoked upon a proper service of the order to show cause with the accompanying papers. (See *Matter of Sipala* v. *Zoning Bd. of Appeals of Town of Huntington*, 2 Misc 2d 1048; *Matter of Brown* v. *City of New York*, 198 Misc. 147, 148. Also, *Matter of State-Wide Ins. Co. [Lopez]*, *supra*; *Matter of Barns* v. *Osborne, supra*.)

An ex parte order to show cause may not be employed as a method whereby a party may extend the time expressly prescribed for the making of the stay application to the court. Inasmuch as provision is made whereby notice of the application may readily be served by mail within the 10-day period (see CPLR 7503, subd. [b]), there is no need in any case for resort to an order to show cause to obtain an extension of such period. Furthermore, the provision in an order to show cause for service of notice of the application on a date beyond the 10-day period violates the statutory proscription that '' no court shall extend the time limited by law for the commencement of an action '', including a special proceeding. (CPLR 105, subd. [b]; 201; *Kram* v. *Cohen*, 50 N. Y. S. 2d 322; *Matter of Sipala* v. *Zoning Bd. of Appeals, supra*; *Matter of Brown* v. *City of New York, supra*.) Inasmuch as under the revised practice arbitration is not itself a special proceeding (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 7502.04), the provisions of the CPLR authorizing a court or Judge to extend the time for taking procedural steps in a special proceeding do not apply here. (Cf. *Matter of Grand Cent. Theatre* v. *Moving Picture*

*Mach. Operators Union,* 69 N. Y. S. 2d 115, affd. 263 App. Div. 989.)

Finally, the conclusions herein reached find support in the cardinal rule that, whenever possible, statutes should be construed and applied in such a manner as to give effect to the general purpose for which they were enacted. (See McKinney's, Statutes, §§ 92, 96.) It is well known that article 75 of the CPLR was enacted for the purpose of promotion of arbitration as a means for the expeditious settlement of disputes. (See *Matter of Mole* [*Queen Ins. Co.*], 14 A D 2d 1, 3; *Matter of Staklinski* [*Pyramid Elec. Co.*], 6 A D 2d 565, 569–570, affd. 6 N Y 2d 159; *Donato* v. *American Locomotive Co.,* 283 App. Div. 410, 415, affd. 306 N. Y. 966.) Such purpose would be thwarted by a construction which would permit the extension, by order to show cause or otherwise, of the time for the making of an application to the court for a stay of arbitration as to which notice is duly given.

In view of the foregoing, the judgment, denying petitioner's application for a stay, should be affirmed, with costs and disbursements to the respondent.

STEUER, J. (dissenting). Involved is a question of statutory construction. On April 1, 1968, respondent's attorneys served a demand for arbitration by mail on petitioner. It was received the following day, April 2. The demand contained the caveat requiring petitioner to move within 10 days if a stay was to be sought (CPLR 7503, subd. [c]). On April 11, petitioner applied to the court for an order to show cause why arbitration should not be stayed. The court signed the order on that day making it returnable April 22 and providing for service on April 18. The order contained a stay of the arbitration until the hearing of the motion. This chronology shows that the order to show cause was granted during the 10-day period but was not served nor made returnable until after the expiration of the period.

The applicable portions of CPLR 7503 (subd. [c]) read: " A party may serve upon another party a notice of intention to arbitrate * * * and stating that unless the party served applies to stay the arbitration within ten days after such service he shall thereafter be precluded from objecting that a valid agreement was not made * * * Such notice shall be served in the same manner as a summons or by registered or certified mail, return receipt requested. An application to stay arbitration must be made by the party served within ten days after service upon him of the notice or he shall be so precluded. Notice

of such application shall be served in the same manner as a summons or by registered or certified mail, return receipt requested.''

There can be no doubt but that an arbitration may be initiated and proceed without any participation by the court. When either party seeks relief from the court in regard to an arbitrable controversy it must be done by way of instituting a special proceeding (CPLR 7502, subd. [a]).* Concededly a special proceeding is instituted in the same manner as an action, except that the document to be served is a petition or an order to show cause rather than a summons (CPLR 304). Special Term and a majority of this court have concluded that CPLR 7503 (subd. [c]) requires the institution of a special proceeding within the 10 days or the issue of a valid contract is barred. It is beyond dispute that the section does not say so *in hæc verba*. And the only way in which such a limitation can be inferred from what the section actually says is by equating the words '' applies '' and '' application to stay '' with '' starts a special proceeding to stay ''. I fail to understand how such a transposition can be effected.

Of all the statutes enacted and in force it is impossible to designate one which is more peculiarly the province of the lawyer than the CPLR. Written by lawyers, its directions are for all practical purposes directed to them, and to them alone. It is submitted that no lawyer regards the institution of an action or a special proceeding as an '' application ''. One '' applies '' to the court but not to the opposing party.

Any possible doubt as to what is meant by '' application '' should be resolved by the concluding sentence of the section. This requires service of '' notice of such application ''. Obviously this cannot mean '' start a special proceeding ''. It presupposes a prior application, of which notice must be served. And, most significantly, the only time limit is on making the application; there is none on the service. To anyone acquainted with our practice, this is both feasible and logical. The Judge granting the order to show cause fixes the time limit for its service. This scotches the argument that arbitration, one of the admitted benefits of which is an expeditious hearing, will be frustrated by delay. Postulating an undue period for service impugns either the diligence or the probity of the Judge passing on the application and also ignores the remedial provisions to meet such an eventuality.

The merits of respondent's objection to arbitration are not discussed. They have not been passed upon by Special Term

---

* Unless there is a pending action between the parties, in which event the right to arbitrate may be raised by motion in the action.

and it is sufficient on this appeal to find that the objection is not frivolous and should be considered.

The order should be reversed with costs, and the matter remanded to Special Term for consideration on the merits.

BOTEIN, P. J., and STEVENS, J., concur with EAGER, J.; STEUER, J., dissents in opinion in which CAPOZZOLI, J., concurs.

Judgment affirmed, with $30 costs and disbursements to respondent.