■ In the Matter of the Arbitration between WILLIAM FRAME, Respondent, and AMERICAN MOTORISTS INSURANCE COMPANY, Appellant. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Intervenor-Respondent.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, entered June 20, 1968 in Chemung County, which directed the parties to proceed to arbitration. The claim for arbitration herein arises out of an incident which occurred on November 19, 1966 when Mark Frame, the infant son of respondent William Frame, was allegedly struck and injured by an uninsured motorist. At that time there was in force a combination automobile general liability policy issued by appellant American Motorists to two corporations, Frame Acuto Rambler, Inc., and F. A. R. Leasing Corp., Inc. Respondent William Frame is an officer of these corporations. He, together with his wife, and Steve Acuto, another officer of the corporations, and his wife are listed as insureds in a "A-6103 Endorsement" attached to said policy and broadly entitled "Use of Other Automobiles Coverage". Also attached to said policy is the standard New York Automobile Accident Indemnification Endorsement. Consistently throughout the proceedings, American Motorists has maintained that neither William Frame nor Mark Frame are covered by the uninsured motorist endorsement. On July 10, 1967, respondent William Frame served upon American

Motorist a Demand for Arbitration under the uninsured motorist endorsement. "William Frame, as Parent of Mark Frame, an infant", is named as a claimant therein and the policy under which arbitration is demanded is that issued to Frame Acuto Rambler, Inc. Included within that demand is the following language: "PLEASE TAKE NOTICE that unless within ten (10) days after service of this Demand for Arbitration, you apply to stay the arbitration herein, you shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time." On August 15, 1967, American Motorists obtained an order requiring respondent William Frame to show cause why an order should not be made vacating and dismissing the demand for arbitration because of its insufficiency to apprise American Motorists of the issues sought to be arbitrated and staying further proceedings pending determination of the motion. An order was granted vacating the demand without prejudice to the serving of a new demand for arbitration. Shortly thereafter, counsel for respondent William Frame obtained an order requiring American Motorists to show cause why that order should not be resettled. Thereupon, respondent Motor Vehicle Accident Indemnification Corporation requested and obtained permission to intervene. The resettled order, appealed from here, was entered on June 20, 1968 and directed the parties to proceed to arbitration. The court ruled that upon reconsideration it was of the opinion that the demand for arbitration was sufficient and that inasmuch as American Motorists' application for a stay was not made within 10 days after service of the demand, it was untimely and thereby precluded American Motorists from raising the issue as to coverage. Although CPLR 7503 (subd. [c]) provides that the failure to apply for a stay of arbitration within 10 days after service of a notice of intention to arbitrate containing a ten day caveat precludes an objection to the three threshold questions enumerated therein, the disputed issue as to coverage sought to be raised by American Motorists is not such a threshold question. American Motorists is not contesting the fact that a valid agreement to arbitrate was made, rather its contention raises a more basic issue whether Mark Frame falls within the terms of that agreement. To hold that the failure to raise such an issue within 10 days precludes raising it thereafter would have the effect of creating coverage and protection which may never in fact have existed. Whether or not Mark Frame falls within the scope of the uninsured motorist protection afforded by the policy is an issue to be determined by the court rather than the arbitrator (*Matter of Rosenbaum* [*Amer. Sur. Co. of N. Y.*], 11 N Y 2d 310). Still another reason for reversing the order herein and remitting the matter exists and it is an issue not raised by any of the parties. Respondent William Frame asserts his claim as parent of Mark Frame, an infant. An affidavit submitted by respondent's attorney indicates that the total amount of moneys sought to be recovered are for the infant's injuries and are to go to the infant, Mark Frame. CPLR 1209 provides: "A controversy involving an infant or person judicially declared to be incompetent shall not be submitted to arbitration except pursuant to a court order made upon application of the representative of such infant or incompetent." This section requires that an infant's representative must first make application to the court for an order permitting him to submit the claim to arbitration (*Matter of Klein* [*MVAIC*], 48 Misc 2d 82; *Matter of Turner* [*MVAIC*], 47 Misc 2d 1097; *Matter of Coughlin* [*MVAIC*], 45 Misc 2d 672). Conspicuously absent from the record herein is the fact that the requisite order has been obtained. Order reversed, on the law and the facts, without costs, and case remitted to the Special Term. Gibson, P. J., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Aulisi, J.