JAMES CRAWFORD, Appellant, *v.* MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., et al., Respondents.

Fourth Department, February 28, 1973.

*Bond, Schoeneck & King* (*Robert E. Moses* of counsel), for appellant.

*Hancock, Estabrook, Ryan, Shove & Hust* (*Robert A. Small* of counsel), for respondents.

CARDAMONE, J. The appellant, James Crawford, was employed for two years as a securities salesman by respondent Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch) in an office managed by respondent Pierson. He claims respondent owes him $8,850 for commissions he earned working for them and commenced an action seeking recovery. Respondent moved to dismiss the complaint and to compel arbitration under CPLR 7502 (subd. [a]) before the New York Stock Exchange claiming that such was provided by an alleged contract between the parties dated July 16, 1967. While this motion was pending, appellant served on respondent a notice of intention to arbitrate under CPLR 7503 (subd. [c]) naming the American Arbitration Association as arbitrator.

The matter came on to be heard before Special Term which vacated arbitration before the American Arbitration Association (AAA) and directed appellant, Crawford, to arbitrate his claim before the New York Stock Exchange (NYSE), and dismissed appellant's complaint without prejudice pending the availability of arbitration. In our view, this was error.

On July 16, 1967 the appellant signed an application to the **NYSE** to be registered with the Exchange. **Such application**

signed solely by appellant could not be construed to be a contract between appellant and respondent, Merrill Lynch. It did provide, however, that any controversy between Crawford and any member of the Exchange shall be settled by arbitration at the instance of any such party " In accordance with the arbitration procedure prescribed in the Constitution and Rules then obtaining of the New York Stock Exchange." An examination of section 1 of article VIII of the constitution of the New York Stock Exchange and the rules of the Exchange reveals that controversies between members shall " at the instance of any such party " and controversies between a non-member and a member shall " at the instance of such non-member " be submitted for arbitration in accordance with the constitution and rules of the board of governors. It appears clear from a reading of this provision that arbitration before the NYSE between a member and nonmember, the case here, may be compelled only at the instance of the nonmember. The constitution and rules contain no provision permitting respondent member of the NYSE to compel appellant, a nonmember, to arbitrate his claim before the NYSE. Appellant had the option of arbitrating before the NYSE or not, as he chose.

In this case appellant chose to arbitrate before the AAA. The mailing receipt shows that appellant's demand for arbitration before the AAA was received by respondent on November 25, 1970. Thereafter, respondent had 10 days from the date of receipt of the demand to move to stay the demanded arbitration (*Matter of Knickerbocker Ins. Co.* v. *Gilbert,* 28 N Y 2d 57; *Matter of Jonathan Logan, Inc.* [*Stillwater Worsted Mills*], 31 A D 2d 208, affd. 24 N Y 2d 898). Respondent's order to show cause dated and served upon appellant on December 9, 1970 (14 days after receipt of the demand), was not timely and precludes respondent from " objecting that a valid agreement was not made or has not been complied with ". (CPLR 7503, subd. [c].)

To say that by their failure to move to stay the demanded arbitration within 10 days respondent conceded only " that there was an arbitrable dispute under a valid contract " flies in the face of the statute. The statute precludes an objection that the arbitration agreement " has not been complied with "—the very objection respondent raises by its claim that arbitration before the AAA as sought by appellant's demand is not in accordance with the obligation to arbitrate.

Were we to reach the question of whether the arbitration demanded by appellant is in compliance with the agreement, we

would conclude that it is. The dissent asserts that appellant waived his rights in the July 16, 1967 application and agreed to arbitrate before the NYSE. We cannot agree that paragraph J of the application so provides. The constitution of the NYSE contains no provision which allows a member of the NYSE to compel a nonmember to arbitrate a claim before the Exchange.

In short, appellant never agreed to arbitrate before the NYSE but merely to comply with the constitution and rules of the NYSE. These gave him, as a nonmember of the Exchange, the option of seeking or not seeking arbitration before that body. Thus, the right appellant chose to exercise was one granted him by the rules of the organization of which respondent was a member and of which appellant was not. Furthermore, regardless of respondent's claimed right to demand arbitration before the NYSE by the terms of the July 16, 1967 application signed by appellant, respondent is precluded from objecting to appellant's failure to comply with that alleged agreement because of its failure to move timely against appellant's demand for arbitration before the AAA (CPLR 7503, subd. [c]).

The orders should be reversed and the motions denied.

SIMONS, J. (dissenting). Whether the writing signed by appellant be considered as a "registration application" or a contract of employment with respondent, it was a written agreement to arbitrate within the purview of CPLR 7501. As such it bound him to arbitrate before the NYSE all disputes arising out of his employment with respondent (see *Matter of Willard Alexander, Inc.* [*Glasser*], 31 N Y 2d 270). The appellant concedes the existence of the contract in his notice of intention to arbitrate and also in the moving papers. Furthermore, in his attorney's affidavit, dated November 27, 1970, appellant concedes that the agreement requires arbitration before the NYSE, but he offers matters in avoidance. He argues that he is not bound by the contract because (a) the contract has expired (but see *Matter of International Assn. of Machinists* [*Buffalo Eclipse Corp.*], 12 A D 2d 875); (b) respondent Pierson cannot enforce the agreement because he did not sign it (he is not required to do so, *Matter of Helen Whiting, Inc.* [*Trojan Textile Corp.*], 307 N. Y. 360) and (c) "plaintiff's agreement to arbitrate before the New York Stock Exchange" did not contemplate the lengthy delay now imposed on the parties and is therefore no longer binding. These admissions are clear evidence that it was the parties' agreement and intention to arbitrate their disputes and to do so before the Stock Exchange. They are judicial admissions bind-

ing on appellant and sufficient to support the trial court's **order** compelling arbitration before the Stock Exchange.

Nevertheless, the majority proceed to interpret the contract otherwise. We cannot do so. The established public policy of this State favors arbitration. Upon this motion under CPLR 7503 the court's responsibility is limited to a determination of whether the three "threshold" propositions have been met, i.e., (1) is there a written agreement by the parties to arbitrate, (2) is there a dispute within the terms of that agreement, (3) is such dispute time-barred (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329). The interpretation of the contract, indeed, whether or not it is even in existence or has been rescinded, is for the arbitrator to decide (*Matter of Coler* [*GCA. Corp.*], 31 N Y 2d 775; *Matter of Exercycle Corp.* [*Maratta*], *supra*). Once it is determined that the parties have a valid agreement to arbitrate a dispute that is not time-barred, arbitration must be had as to " all issues arising under the contract " (*Matter of Exercycle Corp.* [*Maratta*], *supra,* p. 336). Since both parties concede that a dispute exists under an agreement to arbitrate, the remaining questions must be referred to arbitration.

While we do not accept the proposition that the court has the power to interpret the contract, an interpretation thereof supports respondent's claim.

The critical language is contained in paragraph 31 J. The majority construe it as giving appellant the right to choose his own arbitrator. The constitution and rules of the NYSE provide that disputes between members must be arbitrated before that body. They also provide that disputes between a member and a nonmember may be arbitrated before the NYSE if the nonmember chooses. A common illustration of such a situation, cited in the record, would be a dispute between a customer and a broker. The constitution and rules further provide the procedure for determining the number of arbitrators, the method of their selection, etc. Paragraph 31 J in the agreement expressly provides that the employment of appellant by respondent be subject to the constitution and the rules of the NYSE and that arbitration of disputes between them be in accordance with the *procedure* prescribed in the constitution and rules of the Exchange. That provision is of no more consequence than procedural ground rules laid out in arbitration before any independent body. But more importantly, by paragraph 31 J the appellant waived his option as a nonmember to elect his own arbitrator, because he agreed that " any controversy between me and any member * * * arising out of my

employment * * * shall be settled by arbitration *at the instance of any such party* in accordance with the procedure prescribed in the Constitution and Rules then obtaining of the New York Stock Exchange " (emphasis added). To construe the clause as other than a waiver and consent renders the clause meaningless, since in such case the rights of the parties after its adoption would not be different than before. Courts are not to construe contract provisions in a manner which renders them meaningless (10 N. Y. Jur., Contracts, § 208).

The majority further hold that the respondent has lost its contract rights by failing to object within 10 days to appellant's notice of intention to arbitrate before the American Arbitration Association. Beyond the inconsistency of appellant's position in demanding arbitration after instituting a legal action for the same relief and while resisting respondent's application to compel arbitration under the same agreement, several points are worth noting. First, by their mutual concessions the parties have stipulated for all practical purposes that arbitration is available under CPLR 7503. The court is therefore obliged to enforce their agreement and direct arbitration pursuant to its terms. That agreement either requires arbitration before the NYSE or it is ambiguous as to the arbitrator. In the latter event the matter is for determination by an arbitrator selected " in accordance with the arbitration procedure prescribed in the Constitution and rules then obtaining of the New York Stock Exchange " (par. 31 J). The failure of respondent to object to the introduction of an arbitrator completely foreign to the agreement as in appellant's notice of intention to arbitrate did not constitute a waiver of their rights. The appellant could not unilaterally amend the contract in this fashion to boot-strap himself into a more favorable position. The notice of intention to arbitrate is a procedural device to initiate arbitration. It could not be used by appellant to improve his position under the terms of the contract. By conceding that the case is one for arbitration, the respondent did not accede to the naming of a different arbitrator any more than it conceded the merits of the dispute.

If the parties' method of selecting an arbitrator failed or if the parties stipulated to arbitrate an oral contract (as appellant later contended in his affidavit of Dec. 28, 1970) which was silent as to the arbitrator, then it was for Special Term to name the arbitrator pursuant to CPLR 7504, and it named the New York Stock Exchange (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284; *Matter of Laborotorios Grossman S.A.*, 31 A D 2d 628).

The order of December 18, 1970 compelled arbitration and also dismissed appellant's complaint pursuant to CPLR 3211 (subd. [a], par. 5). The order to arbitrate acted as a stay of the action, and the complaint could not properly be dismissed until after the award was confirmed (*Langemyr* v. *Campbell*, 23 A D 2d 371). The order should be modified by striking that portion which dismisses the complaint, and as so modified, it should be affirmed. The appeal from the order of February 8, 1971, vacating appellant's notice of intention to arbitrate, should be dismissed as moot.

Order entered December 21, 1970 — GOLDMAN, P. J., and DEL VECCHIO, J., concur with CARDAMONE, J.; SIMONS, J., dissents in part in an opinion in which WITMER, J., concurs.

Order entered March 12, 1971 — GOLDMAN, P. J., and DEL VECCHIO, J., concur with CARDAMONE, J.; SIMONS, J., dissents and votes to dismiss appeal as moot in opinion, in which WITMER, J., concurs.

Orders reversed with costs and motions denied.