■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant, v. JOSEPH CUTRONA, Respondent.— Order unanimously affirmed, with costs. Memorandum: Respondent was injured in an automobile accident on October 28, 1971. Believing that the offending automobile was uninsured, on May 18, 1972 he served a demand for arbitration of his claim for his injuries upon petitioner under the uninsured motorist indorsement on the liability policy of insurance written by petitioner on respondent's wife's automobile. On October 3, 1972 petitioner moved to stay the arbitration upon the ground that it had discovered that in fact the offending automobile was insured and so respondent had no right to make claim against petitioner. Special Term denied the motion upon the ground that petitioner had not moved to stay the arbitration within 10 days after service of the demand therefor, as provided in CPLR 7503 (subd. [c]). Petitioner contends that the 10-day provision of that section is not applicable here because the three grounds referred to therein, to wit, validity of agreement, compliance therewith and bar of the Statute of Limitations, are unrelated to its claim that the uninsured endorsement clause is not effective because the offending automobile was insured, and that the denial of its motion, in effect, is creating liability insurance where none exists in law. Petitioner relies upon Matter of Frame (Amer. Motorists Ins. Co.) (31 A D 2d 872); and see Matter of Allstate Ins. Co. (Weiss) (42 A D 2d 731). The precise issue raised herein was presented to the First Department in Matter of Allstate Ins. Co. (Ness) (32 A D 2d 912) wherein it was held that the failure of the company to move to stay arbitration within 10 days of the demand precluded the motion. We agree with that determination. " The Arbitration Law was passed to expedite and facilitate the settlement of disputes and overcome the delay caused by litigation " (Matter of Zimmerman v. Cohen, 236 N. Y. 15, 20–21). In enacting CPLR 7503 the Legislature intended to limit applications to the courts with respect to arbitration agreements; and we think that the courts should not create exceptions wherein the time limitations of the statute will not apply. The issue raised by petitioner falls within the second of the three questions which the statute provides must be presented to the court on motion within 10 days of the demand, namely, has respondent " complied " with the agreement, i.e., demanded arbitration because he was injured by an uninsured motorist (see Matter of Knickerbocker Ins. Co. [Gilbert], 28 N Y 2d 57; Matter of Rosenbaum [Amer. Sur. Co., N. Y.], 11 N Y 2d 310, 314). Moreover, if petitioner's claim with respect to this matter is not within the three questions mentioned in CPLR 7503, it would have no ground to obtain a stay in any event. In Gilbert (supra, p. 60) the court said " The failure to give notice to stay, it is emphasized, bars assertion of inarbitrability in subsequent judicial proceedings." We note that over six months elapsed between the time of the accident and respondent's demand for arbitration; and petitioner can hardly contend that it lacked a reasonable time in which to make

its investigation. Moreover, if petitioner is correct in its assertion that the offending automobile was insured, petitioner may be subrogated to any claim respondent has against the owner of that vehicle and the insurer thereof. (Appeal from order of Erie Special Term denying motion for stay of arbitration.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Simons, JJ.