In the Matter of the Arbitration between RICHARD SPYCHAL-SKI, Appellant, and CONTINENTAL INSURANCE COMPANIES, Respondent.

Fourth Department, July 12, 1977

*Bayer, Dupee & Smith (Jon C. Dupee* and *Gary J. O'Donnell* of counsel), for appellant.

*Wickes, Weidman & Jordan (George G. Mackey* of counsel), for respondent.

WITMER, J. The question presented on this appeal is whether respondent insurer may successfully move for a stay of arbitration after the 20-day period limited therefor in CPLR 7503 (subd [c]) has expired, on the ground that it appears that another insurer has agreed to pay petitioner $10,000 for the injuries that he received in a hit-and-run accident.

As petitioner was entering the automobile of John Olles, which was insured by the Utica Mutual Insurance Company (Utica), it was struck by an unidentified automobile and he was injured. Plaintiff was insured by respondent, the Continental Insurance Companies (Continental), and he served notice on Continental of his intention to make claim against it under the uninsured-unidentified motorist endorsement attached to his insurance policy pursuant to Insurance Law (§ 167, subd 2-a). Continental replied that it considered Utica to be the primary insurer, and so it declined to honor petitioner's claim. On July 20, 1976 petitioner duly served demand for arbitration on respondent Continental, pursuant to the terms of the insurance endorsement and CPLR 7503 (subd [c]). It contained the statutory provision that a motion to stay arbitration, if intended, must be made within 20 days of the service of the demand (CPLR 7503, subd [c]). Petitioner and Utica then agreed that the latter would pay petitioner $10,000 for a release; and by letter of August 3, 1976 petitioner's attorney advised the American Arbitration Association thereof. Respondent did not move to stay arbitration within the 20-day period. On August 23, 1976, however, it mailed to petitioner *by regular mail* a notice to stay arbitration, which petitioner received on August 24, returnable at Special Term on September 7, 1976. Petitioner promptly cross-moved for an order compelling respondent to arbitrate, returnable on the same date. Special Term granted respondent's motion to stay arbitration and denied petitioner's cross motion to compel it; and petitioner appeals from the order entered on that decision.

In its decision Special Term acknowledged that respondent's motion for a stay was untimely under CPLR 7503 (subd [c]), but it held that since Utica had agreed to pay $10,000 to

petitioner for his injuries, there was nothing to arbitrate, because the statute requiring the inclusion in the policy of the uninsured, unidentified motorist endorsement was only designed to protect claimant to the extent of $10,000 (Insurance Law, § 167, subd 2-a). Although the court found no lawful way to avoid the impact of CPLR 7503 (subd [c]), it decided to save the time of the parties, of the arbitrator and of the courts by "cutting the Gordion knot", and it determined the ultimate merits of the issue presented, thus terminating the matter. Because of the clear statutory limitation on the authority of the court in this situation, we conclude that Special Term erred in this determination.

CPLR 7503 (subd [c]) provides in part that "An application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, *or he shall be so precluded*" (emphasis supplied). Originally, the statute provided for only 10 days in which to move, but it was amended by the Laws of 1973 (ch 1028, eff Sept. 1, 1973) to enlarge the time to 20 days. The intent of the Legislature in limiting this time period was to expedite the arbitration of disputes (see *Matter of Raisler Corp. [New York City Housing Auth.]*, 32 NY2d 274, 281, n and *Matter of Knickerbocker Ins. Co. [Gilbert]*, 28 NY2d 57). It has been uniformly held that if the motion for a stay is not served within the 10- (now 20) day period, the court has no jurisdiction to entertain it *(Matter of Aaacon Auto Transp. [State Farm Mut. Auto. Ins. Co.]*, 41 NY2d 951; *Aetna Life & Cas. Co. v Stekardis*, 34 NY2d 182; *Matter of Raisler Corp. [New York City Housing Auth.]*, supra; *Matter of Jonathan Logan, Inc. [Stillwater Worsted Mills]*, 31 AD2d 208, affd 24 NY2d 898; *United Servs. Auto. Assn. v Cutrona*, 42 AD2d 1033; *Matter of Mell [Allstate Ins. Co.]*, 35 AD2d 898; *Matter of Sisters of Charity of St. Vincent De Paul [Boegel & Allodi]*, 32 AD2d 818; Eager, Arbitration Contract and Proceedings, § 91; and 8 Weinstein-Korn-Miller, NY Civ Prac, par 7503.28). In *Matter of Knickerbocker Ins. Co. (Gilbert) (supra,* p 60) the court wrote that "The failure to give notice to stay, it is emphasized, bars assertion of inarbitrability in subsequent judicial proceedings."

An attempt in *Matter of Frame (American Motorists Ins. Co.)* (31 AD2d 872) to carve out of subdivision (c) an exception to its application was not accepted by us *(United Servs. Auto. Assn. v Cutrona, supra)* and was overruled in *Aetna Life & Cas. Co. v Stekardis* (34 NY2d 182), wherein the court noted

that where the issues presented are within CPLR 7503 (subds [a] and [b]), the court has no jurisdiction to entertain a late motion for a stay under subdivision (c) thereof. The statutory language in subdivision (a) is, "Where there is no substantial question whether a valid agreement [to arbitrate] was made or complied with * * * the court shall direct the parties to arbitrate"; and in subdivision (b) it is, "a party * * * may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with".

In the case at bar there is no doubt that the policy contains an arbitration clause and that respondent has not complied with the agreement. The case is before us because it appears that Utica has agreed to pay petitioner $10,000. Such payment may well constitute compliance with the agreement, unless it be determined that the payment was made by a mere volunteer (but see, General Obligations Law, §§ 15-103 and 15-104). Whether the $10,000 has been paid since the agreement was made to pay it, does not appear in the record.

Petitioner points out that respondent served its application for stay of arbitration by ordinary mail, contrary to the statutory provision for service "in the same manner as a summons or by registered or certified mail, return receipt requested" (CPLR 7503, subd [c]). In *Matter of Yak Taxi v Teke* (41 NY2d 1020, affg 52 AD2d 765) the court held that service by ordinary mail within the 20 days provided in the statute was improper and insufficient to entitle the petitioner to have the court pass upon preliminary issues, and Special Term was reversed and the application dismissed. That strict construction of the statute mandates reversal here, where the demand for arbitration was served on July 20, 1976 and the application for a stay was served by ordinary mail on August 23, 1976, long after the expiration of the 20-day period (see *Matter of Knickerbocker Ins. Co. [Gilbert]*, 28 NY2d 57, *supra*).

Thus, under the statute and the cases the court had no jurisdiction to entertain this late motion. The fact that respondent moved for a stay shortly after the expiration of the time to do so expired affords no better ground for relief than as though the application were made six months or more later. This is a proverbial hard case which could result in bad law. By CPLR 7503 the Legislature sought to make indelibly clear the rights and obligations of parties under contractual arbitration provisions. We should not erode that statute under an

assumption that the Legislature did not envisage a situation of the nature now before us or that the arbitrator will be blind to the facts and law involved when this matter comes before him. Since we have no jurisdiction to reach the merits of the dispute, we deem it inadvisable to express an opinion with reference thereto.

Accordingly, the order should be reversed, respondent's motion should be denied and petitioner's cross motion should be granted.

GOLDMAN, J. (concurring). We are constrained to concur, for Justice WITMER has correctly stated the applicable law. Respondent's failure to make its application to stay arbitration within the 20 days provided in CPLR 7503 (subd [c]) jurisdictionally precluded the court from entertaining it. Special Term, however, properly stated that subdivision 2-a of section 167 of the Insurance Law "limits the recovery of an 'insured person' for an insurer under the uninsured motorist endorsement to a sum not to exceed $10,000" (88 Misc 2d 129, 131). This amount appellant has already received and he can receive no more (*State Farm Mut. Auto. Ins. Co. v Basile*, 48 AD2d 868; *State Farm Mut. Auto. Ins. Co. v Isler*, 38 AD2d 966, 967; cf. *Public Serv. Mut. Ins. Co. v Katcher*, 36 NY2d 295). It is regrettable that this action should be permitted to continue when there is no possibility of any recovery by appellant. His victory in our court is indeed a Pyrrhic one.

CARDAMONE, J. P., and DENMAN, J., concur; HANCOCK and GOLDMAN, JJ., concur in an opinion by GOLDMAN, J.

Order reversed on the law, with costs, and petitioner's cross motion granted.