■ In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and RAYMOND G. MILLER et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered October 19, 1982 in Schenectady County, which, *inter alia,* granted petitioner's application to limit the amount claimed in arbitration by respondents. On September 19, 1978, respondents were involved in a motor vehicle accident. Thereafter, on or about April 30, 1982, respondents filed a demand for arbitration in the total amount of $40,000 for personal injuries under the uninsured motorist provisions of their automobile liability insurance policies. On May 27, 1982, petitioner obtained an order to show cause seeking a stay of the arbitration proceeding (CPLR 7503). That application was denied by order dated June 19, 1982. Subsequently, on July 1, 1982, petitioner applied in pertinent part for an order modifying the amount of damages claimed by respondents to the sum of $20,000. Special Term granted petitioner's request and this appeal ensued. The decisive question raised on this appeal is whether Special Term had jurisdiction to entertain the present application, which was made after the 20-day period to move for a stay had expired (CPLR 7503, subd [c]). We hold that it did not (*Matter of Spychalski [Continental Ins. Cos.],* 58 AD2d 193, affd 45 NY2d 847; see, also, *Matter of Reynolds v Boston Old Colony Ins. Co.,* 83 AD2d 842). The courts are authorized to entertain applications concerning arbitration under limited circumstances. Pursuant to CPLR 7503 an application may be made to compel or stay arbitration, pursuant to CPLR 7510 a court may confirm an arbitration award and pursuant to CPLR 7511 a court may vacate or modify an arbitration award. Thus, a court may involve itself in the arbitration process within the first 20 days (CPLR 7503, subd [c]) or following the conclusion of the arbitration proceeding (CPLR 7510, 7511). There exists no authority for a court to become involved, as it did here, between these periods (*Matter of Spychalski [Continental Ins. Cos.], supra;* Siegel, NY Prac, §§ 589, 591). Although we have no jurisdiction to reach the merits of this dispute, we note that if the award exceeds allowable limits, petitioner's remedy is to move to modify the award (see *Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],* 25 NY2d 451; cf. *Matter of Spychalski [Continental Ins. Cos.],* 58 AD2d 193, 197 [Goldman, J., concurring], *supra*). Order reversed, on the law, with costs, and application denied. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.