OPINION OF THE COURT
Thomas E. Mercure, J.
Petitioner moves to vacate an arbitrator’s award pursuant to CPLR 7511 (subd [b], par 1, cl [iii]) on the grounds that the arbitrator exceeded his power and for a further order pursuant to CPLR 7511 (subd [d]) for a rehearing and determination before a new arbitrator.
The respondents cross-move for an order pursuant to CPLR 7510 and 7511 (subd [e]) confirming the award of the arbitrator.
Respondents, husband and wife, were injured in an automobile accident involving an uninsured motorist. Both respondents maintain separate automobile liability policies with petitioner. Both respondents made demands for arbitration under the uninsured motorist indorsements of their policies. In the demand for arbitration, the amount claimed was $40,000, or maximum coverage on both policies, whichever is greater.”
*562 Petitioner moved for an order to reduce the amount claimed in the respondents’ demand for arbitration to $20,000, alleging that subdivision 2-a of section 167 of the Insurance Law limits the liability of the petitioner to $20,000. The Honorable Norman L. Harvey, J.S.C., by order dated October 15, 1982, granted the relief. However, upon appeal, the Appellate Division reversed upon the grounds that the court did not have jurisdiction. (Matter of Nationwide Mut. Ins. Co. [Miller], 95 AD2d 961.)
Thereafter, the matter was submitted to arbitration and an award was made directing the petitioner to pay the sum of $20,000 to the respondent, Arlene Miller, and the sum of $16,500 to the respondent, Raymond Miller.
Petitioner relies upon subdivision 2-a of section 167 of the Insurance Law which states that an uninsured person’s recovery under the mandatory uninsured motorist indorsement is limited to a maximum of $10,000.
Respondents maintain that the Legislature, in amending section 167 of the Insurance Law in 1977 to provide that a motorist could contract for additional or supplemental uninsured motorist coverage, impliedly abrogated the $10,000 maximum. They argue that due to the fact that there are two separate policies in existence, for which separate premiums were paid, and both of which afford coverage for their injuries, they should be permitted to aggregate or “stack” the coverage. Respondents contend that although “stacking” has been disallowed by the courts addressing this issue in New York, none of the courts have addressed the factual circumstance presented here. That is that both policyholders were injured in the same accident, and the coverage, although provided by the same insurance company, was afforded through two separate and distinct policies of insurance.
Although respondents argue that the trend nationally is to permit “stacking” (see Bradbury v Aetna Cas. & Sur. Co., 91 Wn 2d 504) the court is not convinced that the facts of this case warrant such a result. In Sisson v Travelers Ins. Cos. (94 AD2d 953) the court held that despite the fact that separate premiums were paid for coverage on two vehicles under one policy, the plaintiff was not entitled to “stack” coverage and was limited to a $10,000 recovery. A similar *563 result would follow even in the case of two separate policies. (Matter of Spychalski [Continental Ins. Cos.], 58 AD2d 193.)
There is no question that a motorist may afford himself protection above and beyond the $10,000 statutory liability limit by purchasing additional coverage from his insurer. (Insurance Law, § 167, subd 2-a.) There is no proof that respondents had contracted with their insurer specifically to provide additional coverage.
Since the arbitrator’s award was apparently based on an error in law, the court finds that the arbitrator exceeded his power and must, therefore, vacate the award. (CPLR 7511, subd [b].) The matter will be remanded for a rehearing before the same arbitrator for a determination of the issue of damages consistent with this decision.