Jack Stanislaw, J.
Petitioners Davis, Brody and Wisniewski (a firm of architects) move to strike certain new matter from the demand of the respondent Temple Emann-El in arbitration. The Temple served its initial demand for arbitration on or about September 3,1963.
Davis’ first knowledge of any increase in the demand came by a copy of a letter dated February 11, 1965, addressed to the American Arbitration Association by the Temple requesting the amendment of its claim. This amendment was objected to by Davis’ attorney in his letter similarly addressed. On August 6, 1965, Davis received a bill of particulars of the increased demand, and on September 20 a copy of a letter verifying that the increased amount was being sought against petitioners (as architects) as well as against the general contractor.
Whichever of the above dates is deemed the effective one as to the assertion of an additional claim, Davis did not bring on this motion until October 4, 1965. Its motion then was clearly made more than 10 days after the latest possible time the “new” claim could have been made (CPLR 7503, subd. [c]). In treating this later claim as barred by limitation of time petitioners deny its efficacy as a mere amendment of the existing claim. By categorizing the proposed amendment as, in reality, a new claim Davis has painted itself into a sophistic corner.
*252 An application may be made to stay arbitration, subject to certain statutory requirements (CPLR 7503, subd. [b]). Where a limitation of time is urged as a bar to the arbitration a party may assert this bar on application to the court as provided in CPLR 7503 (CPLR 7502, subd. [b]). If the Temple did indeed notify Davis of a new claim, as opposed to indicating merely an amendment, then at least one of the notifications Davis received of the new claim (Feb. 11, Aug. 6, or Sept. 20, 1965) must have constituted a “notice of intention to arbitrate” (CPLR 7503, subd. [c]). In other words, Davis had actual notice of what it classifies as a new claim now. Regardless of the nomenclature attached to the notice by the Temple (i.e., “amendment”) Davis treated it otherwise. Therefore, petitioners simultaneously invoked against themselves the provisions of CPLR 7503 (subd. [c]), mandating an application to stay arbitration within 10 days after service, or preclusion thereof. Davis is precluded from the relief sought by it here.
However, CPLR 7502 (subd. [b]) provides specifically that in the event the bar of time limitation is not asserted by application to the court (and we have precluded such application) it may nevertheless be argued before the arbitrators. (See 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.11.)
It is important to note that this court does not necessarily agree or disagree with the labeling of the Temple’s amendment as an entirely new claim. We have simply indicated that inasmuch as Davis has treated the increase as a new claim it must follow its election to a proper conclusion. The motion is denied.