Jack Stanislaw, J.
Petitioners’ motion for leave to reargue is granted. Proceeding then to an examination of the substance *1068 of the factors putatively affecting the prior determination (49 Misc 2d 251), we find them without substantial significance. The argument that respondent’s noncompliance with statutory requirements as to notice warrants granting of the relief sought by petitioners is rejected.
The point is that respondent claims it simply amended a demand already in arbitration. Petitioners are trying to treat these figures added, instead, as a new claim, and they moved to have it barred as untimely. They urge that their motion to do so was not itself untimely (CPLR 7503) as previously held, because of deficiencies in the notice of the amendment which obviated any such untimeliness on their part.
The trouble with this argument is that petitioners (or anyone else) would eliminate the statutory time limit for objections altogether, just by unilaterally categorizing any subsequent amount in arbitration as a new claim. Of course, the reverse is then also true, insofar as a claimant might avoid objection by labelling everything an amendment of an earlier claim.
However, article 75 of the CPLR does not provide specifically with regard to the amendment of claims in arbitration. It is apparently assumed that questions arising with regard to further claims will be passed upon by the arbitrators. We cannot see any benefit to a determination which would give parties in arbitration the ability to come back to the courts during that proceeding to separately litigate time limitations on anything new that came up. The line is to be drawn somewhere, and if these parties disagree about the time status of added items then the burden of making a timely objection is more likely with petitioners. So that if petitioners are going to treat a notice as a brand new claim they must do so completely and assume the presence therein of that which is required by the statute (CPLR 7503, subd. [b]). To cast the onus on the claimant in this respect would be to retain judicial jurisdiction too long we think, and to broaden the statutory requirements correspondingly. Petitioners’ reaction here is distinguishable, on the issue of the timeliness of its objection, from that treated in our decision in a related action (Matter of Wenger Constr. Co., [Temple Emanu-El of East Meadow], 49 Misc 2d 189). For us to declare otherwise would be to mandate new claim procedures and objections in every case. We are not prepared to go this far. The prior determination is reaffirmed.