■ In the Matter of the Arbitration between PETER DE PUCCIO, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. —STALEY, JR., J. Appeal from an order of Supreme Court at Special Term, entered April 2, 1968 in Schenectady County, which denied appellant's motion for a stay of arbitration. The claimant alleges that he was injured on August 4, 1965 when he was seated in his parked automobile which was facing in a southerly direction on South Pearl Street in the City of Albany, New York, and it was struck in the left rear by another automobile which did not stop. On August 6, 1965 the claimant filed a report of the accident on form MV-104 with the Department of Motor Vehicles. On September 16, 1965 the claimant served a notice of intention to make claim upon the appellant Motor Vehicle Accident Indemnification Corporation. In the month of July 1967 the claimant served a demand for arbitration upon the appellant. By notice of motion dated August 21, 1967 and returnable September 8, 1967, the appellant moved for a stay of arbitration on the grounds that the claimant did not report the accident to the police within 24 hours after the accident, and that the identity of the owner of the alleged hit and run automobile has been ascertained. The appellant contends that it is entitled to a jury trial of the preliminary issues of whether or not the owner of the other automobile had been ascertained, and whether or not the accident was reported to the Albany Police within 24 hours as required by subdivision (b) of section 608 of the Insurance Law, and that the motion for a stay should have been granted. Arbitration under the policy is limited to the issue of negligence and the resulting question of damages. (*Matter of Rosenbaum* [*American Sur. Co. of N. Y.*], 11 N Y 2d 310; *Matter of Phoenix Assur. Co. of N. Y.* [*Digamus*], 9 A D 2d 998.) The appellant having raised the issues concerning identity of the owner of the other automobile and timely report of the accident to a police officer, the court below should have permitted it to offer any relevant proof to sustain its position, and to litigate the question of whether the other automobile was in fact a "hit and run automobile" and, therefore, an "uninsured automobile" within the terms of the policy. (*Matter of MVAIC* [*Malone*], 16 N Y 2d 1027; *Matter of Malitz* v. *MVAIC*, 17 A D 2d 108; *Matter of Phoenix Assur. Co. of N. Y.* [*Digamus*], *supra.*) Under the policy a condition precedent for arbitration was injury by an uninsured motorist. Evidentiary facts having been set forth raising a substantial issue as to compliance with the condition precedent, such issue must be determined by a jury trial. (*Matter of McGuane* [*MVAIC*], 29 A D 2d 835; *Matter of Rosenbaum* [*American Sur. Co. of N. Y.*], *supra.*) Claimant's contention that the motion for a stay was not timely made is without merit. A motion for a stay of arbitration is properly made after service of a demand for arbitration. (CPLR 7503.) There being no claim here that the demand for arbitration contained the 10-day preclusion language permissible under CPLR 7503 (subd. [c]), the motion for the stay was timely made. Order reversed, on the law and the facts, and matter remitted to Special Term for further proceedings not inconsistent herewith, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.