In the Matter of Long Island Insurance Company, Respondent, v. Gonzalo Maldonado et al., Appellants.—

Christ,
P. J., Rabin, Hopkins and Martuscello, JJ., concur; Munder, J., concurs in the result, with the following memorandum: I am constrained to concur by reason of our prior ruling in *Matter of State-Wide Ins. Co. (Lopez)* (30 A D 2d 694), although I disagree with the conclusion there reached that service of an application to stay arbitration upon the attorney who served the demand for arbitration is ineffective to acquire jurisdiction over the party in whose behalf the attorney served the demand. I am in accord with the following expression by Mr. Justice EAGER in his dissenting opinion (the majority finding it unnecessary to reach the point) in *Matter of Knickerbocker Ins. Co. (Gilbert)* (35 A D 2d 21, 26–27): "Furthermore, the arbitration is to be had under and pursuant to the agreement of the parties as stated in the uninsured motorist indemnification endorsement and, thereby, the parties have agreed that the arbitration shall be in accordance with the rules of the American Arbitration Association. Such rules provide that the parties 'shall be deemed to have consented and shall consent that any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these Rules and for any court action in connection therewith or for the entry of judgment on any Award made thereunder may be served upon such party (a) by mail addressed to such party or his attorney at his last known address' (Accident Claims Tribunal Rules, § 30). Thus, the notice of application for the stay was properly mailed to the attorney for the respondent designated as such on the notice of intention to arbitrate and to his address as thereon stated. (*Matter of Bauer [MVAIC]*, 31 A D 2d 239.) "