■ JOSEPH A. IZZILLIO, as Administrator C. T. A., of the Estate of DOROTHY CREAGHEAD, Deceased, Respondent, v. TAILORED WOMAN, INC., Appellant.— In a personal injury action, defendant appeals from a judgment of the Supreme Court, Queens County, entered February 3, 1971, in favor of plaintiff upon a jury verdict of $30,000. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. In our opinion, the verdict was contrary to the weight of the evidence. In addition, it was error for the trial court, *sua sponte*, to charge the jury as to absent witnesses when there was no indication in the testimony that such witnesses existed or were under defendant's control. Munder, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ In the Matter of EDWARD M. CHASIN, Appellant, v. ESTHER CHASIN, Respondent.— In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Kings County, dated May 11, 1971, which denied the application. Order reversed, on the law, without costs, and application granted. Since the demand for arbitration was served by ordinary mail, the method of service did not satisfy the requirements of CPLR 7503 (subd. [c]) that such a demand must be served in the same manner as a summons or by registered or certified mail, return receipt requested. Accordingly, it was null and void and the application to stay arbitration should have been granted. Rabin, P. J., Hopkins, Munder, Latham and Christ, JJ., concur.

■ In the Matter of the Estate of MAURICE COOPER, Deceased. SELMA RABINOWITZ, as Executrix of MAURICE COOPER, Deceased, Appellant; A. HARRY SKYDELL et al., Doing Business as SKYDELL & SHATZ, Respondents.— In a proceeding to determine the validity of a claim for services rendered to the testator, the executrix appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Kings County, dated November 17, 1970, as modified a Referee's report (to allow the claim to the extent of $750) by allowing the claim to the extent of $2,500. Order modified, on the facts, by reducing the amount of the award to $1,500. As so modified, order affirmed insofar as appealed from, without costs. In our opinion, the amount of the award was excessive to the extent indicated herein. Munder, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ In the Matter of CHARLES F. FISCHER, JR., Appellant, v. ANTHONY SACCA et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Respondents.— In a proceeding pursuant to article 78 of the CPLR to review respondents' determination, dated September 15, 1970, denying petitioner's application for an area variance, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered March 1, 1971, which denied the application and confirmed the determination. Judgment affirmed, with costs. In our opinion, in the light of the record herein, the determination of the Court of Appeals in the *Matter of Cherry Hill Homes* v. *Barbiere* (28 N Y 2d 381), and for the reasons stated by the respondent Zoning Board in the determination under review, Special Term properly denied petitioner's application. Rabin, P. J., Hopkins, Munder, Latham and Christ, JJ., concur.