Jones, J.
We hold again that failure to move to stay arbitration within the 10-day (since Sept. 1, 1973, 20-day) period specified in CPLR 7503 constitutes a bar to judicial intrusion into arbitration proceedings.
Respondents, the driver and owner of and the three passengers in the Stekardis automobile, were involved in an accident after an unidentified truck carrying furniture collided with _ an automobile in front of the Stekardis car. A dresser fell from the truck and in the resulting confusion the Stekardis car came into contact with a fourth motor vehicle. Respondents, asserting uninsured motorist claims against Aetna, liability insurer of the Stekardis car, on the theory that the unidentified truck was the cause of the accident, demanded arbitration. Aetna moved to stay arbitration on the grounds that under our decision in Matter of Smith (Great Amer. Ins. Co.) (29 N Y 2d 116) respondent’s claims did not fall within the policy coverage as mandated by section 617 of the Insurance Law with respect to “ hit and run ” causes of action, that failure to comply with the provisions of CPLR 1209 rendered the demand for arbitration on behalf of the infant respondents a nullity, and that the failure properly to list the addresses of the adult respondents other than Michael Stekardis rendered the notice of intention to arbitrate defective. Aetna concedes, however, that its motion for a stay was not made within 10 days following its receipt of the demand for arbitration.
Special Term denied Aetna’s motion on the ground that all claims fell within -the insurance coverage. The Appellate Division affirmed, but solely on the ground that the motion for a stay was not timely. Mr. Justice McGtvern, dissenting, would have reversed and granted the stay on the grounds that there was *185 no insurance coverage, that no court order had been obtained as required by CPLR 1209 with respect to the claims of the infant respondents, and that the 10-day rule of CPLR 7503 was not applicable to this case.
Issues are thus raised on this appeal as to the applicability of two sections of the CPLR, 7503 and 1209. As to the first we conclude that the provisions of CPLR 7503 (subd. [e]) require denial of Aetna’s present motion for a stay of arbitration. A narrow issue is presented. It is neither the preliminary, procedural question whether the scope of liability under the uninsured motorist clause is one to be determined by the courts or to be left to arbitration, nor the ultimate, substantive question whether the claims arising out of this particular accident fall within such scope of liability. These questions could have been raised and litigated in the judicial process by a timely motion under CPLR 7503 (subd. [c]). (Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 N Y 2d 310.)
The issue now to be resolved is rather whether, a timely motion not having been made under CPLR 7503, a tardy motion for the same relief can nevertheless thereafter be entertained by the courts. We conclude, as did the Appellate Division, that it cannot.
Aetna would refuse to arbitrate the claims arising out of this accident on the ground that such claims do not fall within the coverage of its policy and thus are not within the scope of the agreement to arbitrate. Any challenge as to the scope of arbitration necessarily raises an issue whether the agreement to arbitrate has been “ complied with ”, thus posing an instance of the so-called second threshold question under CPLR 7503.
The two correlative provisions of CPLR 7503 were intended and are to be read as parallel and mutually coextensive. If under CPLR 7503 a motion lies to the courts within the 10-day period, both by necessary implication and by statutory provision such a motion is precluded after the expiration of that period. (CPLR 7503, subd. [c].) The diction of the statute is parallel and to hold otherwise would make little common sense. Subdivisions (a) and (b) in identical terminology prescribe the only, so-called threshold issues as to which a party is entitled to a judicial *186 determination ;* otherwise “ the court shall direct the parties to arbitrate ”. The statute provides that a motion to raise such issues shall be made within the 10-day period. We held in Rosenbaum that substantive issues of coverage such as Aetna would tender here fall within that statutory prescription. Subdivision (c), again in the same language, provides that unless the objecting party raises an objection which falls within the permitted sweep of subdivisions (a) and (b) by a motion made within the 10-day period he shall thereafter be precluded from seeking a judicial determination. To hold that even if he does not bring a 10-day motion to which he is entitled, a litigant may nonetheless bring the same motion after the expiration of the 10-day period, would obviously be to emasculate the statute.
In this conclusion we agree with the Appellate Division, First Department, in this case as in two similar decisions in that Department (Matter of Allstate Ins. Co. [Ness], 32 A D 2d 912; Cosmopolitan Mut. Ins. Co. v. Molieri, 31 A D 2d 924). By like token we disagree with the opposite conclusion reached by the Third Department (Matter of Frame [American Motorists Ins. Co.], 31 A D 2d 872).
In refraining from itself passing on the merits of Aetna’s claim of noncoverage; the Appellate Division stated that such issues were to be determined by the arbitrators (43 A D 2d 682). Such a statement was inappropriate. Since the present application was not made within the statutory 10-day period, the court has no authority to make any judicial determination as to the scope of the abitrators’ jurisdiction, either as to matters to be included or as to matters to be excluded. (Cf. Matter of Raisler Corp. [N. Y. City Housing Auth.], 32 N Y 2d 274.)
As to the applicability of CPLB. 1209 we agree that an order must be obtained with respect to the submission to arbitration on behalf of each of the infant respondents. The failure to obtain such orders prior to the submission to arbitration here is not fatal, however, provided that appropriate orders are obtained before the opening of the arbitration hearings.
*187 Our examination of the demand for arbitration in this record satisfies us that there is no substance to Aetna’s claim that it is fatally defective in consequence of failure to set forth therein the names and addresses of all the respondents.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Rabin and Stevens concur.
Order affirmed, with costs.

 We note that no claim is made here that there is any issue of overriding public policy significance such as to call for judicial intervention dehors the provisions of CPLR 7503 (cf. Matter of Aimcee Wholesale Corp. [Tomar Prods.], 21 N Y 2d 621, 625; Matter of Allied Van Lines [Hollander Express & Van Co.], 29 N Y 2d 35).