■ In the Matter of YAK TAXI, INC., Respondent, v MUZAFFER TEKE, Appellant.—Order, Supreme Court, Bronx County, entered January 16, 1976 (on a decision by Dollinger, J.), which granted a stay of arbitration and directed a trial on the preliminary issues of whether respondent filed a timely notice of claim and whether a hit-and-run vehicle was involved, reversed, on the law, with $40 costs and disbursements to appellant, the application for a stay is denied and arbitration is directed to proceed forthwith. On July 9, 1973, respondent Muzaffer Teke was allegedly involved in an accident with a hit-and-run vehicle. At that time he was driving a taxi owned by petitioner Yak Taxi, Inc., a self-insurer. On May 19, 1975, Teke served a demand for arbitration on petitioner which stated, pursuant to CPLR 7503 (subd [c]), that unless a stay of arbitration was sought within 20 days, petitioner would be precluded from objecting that a valid agreement was not made or had not been complied with. Within the 20-day period (on June 2, 1975), petitioner served an application *by ordinary mail* on respondent Teke, seeking a stay of arbitration on the grounds that Teke never filed a notice of intention to make claim within 90 days and no proof of a hit-and-run vehicle was shown. This application was opposed by Teke on a jurisdictional basis to the effect that the application in order to confer jurisdiction required service in the same manner as a summons or by registered mail (CPLR 7503, subd [c]). Special Term, instead of dismissing the petition, improperly entertained and denied same "without prejudice to renewal upon timely service of the notice of motion and motion". On petitioner's renewal application, respondent in opposition cited the original jurisdictional impediment and averred that the initiation of the second application circumvented and violated the statutory time requirements that an application for a stay be brought within 20 days after service of the demand. This second application resulted in a determination granting a stay pending determination of the two preliminary issues alluded to by petitioner. As the application for a stay was improperly brought in the first instance and thereafter renewed beyond 20 days after service of the demand for arbitration, petitioner was precluded from raising those preliminary issues and no predicate for imposing a stay was afforded to Special Term. Concur—Murphy, J. P., Lupiano, Birns and Lane, JJ.; Silverman, J., dissents in the following memorandum: In this case we are asked to deny a stay of arbitration to which petitioner may be otherwise entitled because the notice of motion for such relief was mailed by ordinary first class mail instead of

by registered or certified mail. In our, I hope, mature system of procedure, I think we should not allow substantial rights to turn on such technicalities. CPLR 7503 (subd [c]) provides that notice of an application to stay arbitration "shall be served in the same manner as a summons or by registered or certified mail, return receipt requested." Concededly that was not done here; instead the notice was mailed by ordinary first class mail. But that is not the end of the matter. Not every inadvertent error is or should be fatal. (CPLR 2001, *infra.*) Some defects in service of process have been held to be noncurable and are then called "jurisdictional." (See, e.g., *McDonald v Ames Supply Co.,* 22 NY2d 111.) But others have been held to be "an irregularity which may and should be disregarded." *(Matter of Knickerbocker Ins. Co. [Gilbert],* 28 NY2d 57, 65, involving an application to stay arbitration under CPLR 7503, subd [a]). The Appellate Division in the Second Department has held that such a defect is jurisdictional i.e., not curable. *(Matter of Chasin v Chasin,* 37 AD2d 839; *Matter of Long Is. Ins. Co. v Maldonado,* 35 AD2d 975; *Matter of State-Wide Ins. Co. [Lopez],* 30 AD2d 694.) It is thus with some hesitancy that I advance the opposite view. The reason for requiring the notice of application to be mailed by certified or registered mail is obviously to make sure that the other party receives it (and perhaps to reduce disputes as to whether it was received). Here the claimant-respondent indisputably received it, and in time. What valid purpose of a procedural system is then to be served by holding the notice to be a nullity? CPLR 2001 implements the general modern principle that substantial rights shall not be lost because of nonprejudicial procedural errors. It provides: "At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." I think this is a case where "a substantial right of a party is not prejudiced". Respondent received the notice within the statutory time and forwarded it to its attorney who promptly took charge of looking after its interests. Finally I note that the Second Department case which established the rule in that Department *(State-Wide, supra.)* was referred to by the Court of Appeals in the *Knickerbocker* case (28 NY2d 57, 65, *supra)* as taking too restrictive a view at least as to the validity of service of a notice to stay arbitration by mailing to the attorney rather than to claimant. The defect in the present case does not seem to me to be any worse than the one which the Court of Appeals in the *Knickerbocker* case characterized as "an irregularity which may and should be disregarded." The order appealed from should be affirmed.