■ BEN MILLER, INC., Respondent, v MARCUS BROTHERS TEXTILES, INC., Appellant.—Judgment Supreme Court, New York County, entered June 14, 1977, which granted a stay of arbitration and denied the cross motion to dismiss the application for a stay as untimely is unanimously reversed, on the law, without costs and without disbursements, and the arbitration is directed to proceed forthwith. In January, 1977, appellant served respondent with a demand for arbitration in New York City. The demand placed respondent on notice that it would be precluded from objecting to arbitration unless objection was interposed to the proceeding within 20 days after service of the demand for arbitration. Respondent, a Texas corporation, initiated a proceeding in United States District Court in Texas within the 20-day period, challenging the validity of the argreement to arbitrate. Appellant agreed to hold the arbitration in abeyance pending decision of the Texas court. The proceeding was dismissed for lack of personal jurisdiction

over appellant without the court reaching the merits of the case. Immediately after the dismissal by the Texas court, respondent commenced a proceeding in the New York Supreme Court for a stay and a determination of the validity of the arbitration agreement. Appellant cross-moved to dismiss claiming that the stay application was untimely because it had been made more than 20 days after respondent received the demand for arbitration. The controlling statute, CPLR 7503 (subd [c]), in pertinent part, reads as follows: "A party may serve upon another party a demand for arbitration or a notice of intention to arbitrate, specifying the agreement pursuant to which arbitration is sought and the name and address of the party serving the notice, or of an officer or agent thereof if such party is an association or corporation, and stating that unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time." Respondent contends it complied with the requirements of CPLR 7503 (subd [c]) on two counts. First, within the 20-day period, it commenced a proceeding to stay arbitration in the Texas court. Second, appellant voluntarily consented to a stay of arbitration until the validity of the underlying agreement could be determined. There is nothing in appellant's actions, under the circumstances in the instant case, that compel a finding of estoppel. In *Robinson v City of New York* (24 AD2d 260, 263), the court stated the role of estoppel as follows: "So, generally stated, where the agreement, representations or conduct of a defendant have caused a plaintiff to delay a suit on a known cause of action until the Statute of Limitations has run, the courts will apply the doctrine of estoppel to prevent an inequitable use by the defendant of the statute as a defense." It appears to us that appellant took no action to induce respondent to delay a timely application for a stay. Appellant was merely facing reality in awaiting the decision in Texas before pressing the arbitration. The case at bar is analogous to *Matter of Yak Taxi v Teke* (52 AD2d 765), wherein petitioner commenced its stay of proceedings within the 20 days prescribed by CPLR 7503 (subd [c]) but, because of improper service, failed to acquire personal jurisdiction over the respondent. Since the application for a stay was improperly brought, and thereafter renewed beyond 20 days after service of the demand for arbitration, petitioner was precluded from raising those preliminary issues and no predicate for issuing a stay was afforded the court. In the instant case, petitioner commenced its proceeding in timely fashion, but also failed to acquire personal jurisdiction over the respondent. And here, just as in *Yak Taxi (supra),* respondent's application for a stay must be dismissed as untimely. (See, also, *Matter of Logan, Inc. [Stillwater Worsted Mills],* 31 AD2d 208.) Concur—Lupiano, J. P., Birns, Evans and Lane, JJ.