■ In the Matter of DOROTHA PRUNTY, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the State Department of Social Services, dated December 29, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency to disallow petitioner's application for a special grant to purchase furniture and furnishings. Determination annulled, on the law, without costs or disbursements, petition granted, and respondents are directed to provide petitioner with the requested special grant. Petitioner and her infant son resided with her mother until December, 1976. Upon the eviction of the family, petitioner moved into an unfurnished apartment. That was the first time she established a home and was the first time she was head of the household. As such, petitioner was entitled to relief pursuant to subdivision (6) of section 131-a of the Social Services Law and 18 NYCRR 352.7 (a) (1). Martuscello, J. P., Damiani, Shapiro and O'Connor, JJ., concur.

■ In the Matter of STANDARD STEEL SECTION, INC., Respondent, v ROYAL GUARD FENCE CO., INC., Appellant.—In a proceeding in effect to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County, dated November 9, 1977, which (1) granted the petitioner's motion to reargue a prior order of the same court and (2) upon reargument, denied appellant's motion to dismiss the demand for arbitration. Order affirmed, with $50 costs and disbursements. Although the demand for arbitration, which was served by ordinary mail, did not satisfy the requirements of CPLR 7503 (subd [c]) (see Jefferson v Government Employees Ins. Co., 48 AD2d 855), the appellant has waived its objection by generally appearing in the arbitration proceeding in that it (1) requested a change of venue and an extension of its time to answer in a letter to the American Arbitration Association; (2) participated in the selection of the arbitrators and the scheduling of the arbitration hearing; and (3) submitted an application to Special Term, which had the effect of adjourning the arbitration hearing. The appellant's active involvement as a genuine actor in the proceeding antedated its objection to the improper manner of serving the demand. Consequently, the objection has been waived (cf. CPLR 320, subd [a]). Suozzi, J. P., Cohalan, Margett and Hawkins, JJ., concur.