■ In the Matter of the Arbitration between LOCAL 964, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, Respondent, and SHIRL-ANN CONSTRUCTION CORP., Appellant.—In a proceeding to confirm an arbitration award, Shirl-Ann Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County, dated July 11, 1979, as, upon reargument, adhered to the original determination (1) that there was an existing agreement between the parties to arbitrate and (2) denying Shirl-Ann's application to vacate the entire award. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and matter remanded to an arbitrator designated by the New York State Board of Mediation for a hearing *de novo* on all matters encompassed within the grievances. At the outset, we note our agreement with Special Term that the petitioner's service by ordinary mail of a notice of intent to arbitrate was in derogation of the statute and a legal nullity (see CPLR 7503, subd [c]; see, also, *Matter of Standard Steel Section v Royal Guard Fence Co.,* 62 AD2d 1040; *Jefferson v Government Employees Ins. Co.,* 48 AD2d 855; *Matter of Chasin v Chasin,* 37 AD2d 839). Consequently, the appellant was entitled to litigate the so-called "threshold" questions in this special proceeding (see CPLR 7511, subd [b], par 2). While we agree with Special Term that there existed a viable agreement to arbitrate, we hold that the agreement to arbitrate was not complied with as a matter of law, necessitating vacatur of the entire award, and not merely the part that Special Term rejected. It is well settled that where an arbitration agreement provides for the selection of the arbitrator, absent impossibility such method *must* be followed or the agreement cannot be said to have been complied with, within the meaning of CPLR 7511 (subd [b], par 2, cl [iii]) (see CPLR 7504; see, also, *Matter of Siegel [Lewis],* 40 NY2d 687, 689, mot for rearg den 41 NY2d 901; *Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.],* 11 NY2d 128, 133; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7504.01, pp 75-116). Although Special Term correctly noted that a

remand was necessary before an arbitrator designated by the New York State Mediation Board with respect to the correct calculation of damages in accordance with the express terms of the 1974-1977 agreement, Special Term failed to appreciate that the proceeding before Mr. Weston, an improperly selected arbitrator, rendered *all* conclusions of law and fact a nullity. Accordingly, upon remand before the proper arbitrator, a hearing *de novo* is required, at which time questions of contractual breach as well as damages may be entertained. Damiani, J. P., Titone, Cohalan and O'Connor, JJ., concur.