OPINION OF THE COURT
Jeffrey G. Stark, J.
This proceeding raises the novel issue of whether an insurance company which has received an arbitration demand pursuant to an uninsured motorist provision in its policy and which has failed to seek a stay of arbitration within the 20-day period set forth in CPLR 7503 (subd [c]) can thereafter seek to stay arbitration when a new arbitration demand is served upon it identical to the first except for the damages claimed. The issue is made difficult by the fact that the petitioning insurance company has demonstrated, without contradiction, that respondent’s accident was with an insured automobile. Nevertheless, for the reasons set forth hereafter, the court is constrained to dismiss the petition.
FACTS
On July 28, 1980, respondent Barbara Pasternack was struck by a vehicle owned by one Norbert Wasserberger. Believing that the vehicle was not insured, respondent filed a claim with petitioner, Allstate Insurance Company, which had issued a policy to Robert Pasternack, respondent’s husband, containing the New York Automobile Accident Indemnification Endorsement. This endorsement *197 covered members of the Pasternack family injured by uninsured automobiles. Thereafter, on July 15, 1982, respondent sent a demand for arbitration to petitioner by certified mail seeking $10,000 on account of her injuries. This notice was properly served (see CPLR 7503, subd [c]) and it contained the legend required by CPLR 7503 (subd [e]) stating that “unless within twenty days after service of this Notice of Intention to Arbitrate, you apply to stay the arbitration herein, you shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of the limitation of time.”
No motion to stay arbitration was made by Allstate within 20 days. Indeed, in the next 10 months apparently no action was taken by any party either in the courts or in the arbitral forum. Then, on May 20, 1983, respondent’s attorneys served a new demand for arbitration. This demand was identical with the first except it sought $100,000 in damages and it named (erroneously) Norbert Wasserberger as Allstate’s insured.
This time Allstate awoke. Within the next 20 days, it served the petition now before the court seeking an order permanently staying respondent Barbara Pasternack from proceeding to arbitration or, in the alternative, for an order temporarily staying arbitration, requiring a hearing on the preliminary issue of whether respondent’s injuries were the result of an accident involving an uninsured vehicle, and adding Chubb Insurance Group and Crum & Forster as respondents, which companies allegedly insured the automobile in issue. In support of its petition, Allstate submitted documentary evidence showing that at the time of the accident the vehicle owned by Norbert Wasserberger was insured by Chubb Insurance Group.
In opposition to the petition, respondent does not contest that the Wasserberger vehicle was in fact insured on the date of occurrence.* Rather, she defends solely on the *198 ground that no timely application was made after the first arbitration demand. Her attorney further states that the second demand was “inadvertently” served. No authority is cited by respondent in support of her position.
DISCUSSION
Given the admonition of CPLR 104 that “[t]he civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding”, there is a strong reluctance in requiring petitioner to proceed to arbitration in a case where not it, but one or more other insurance companies, have apparently covered the accident in issue. This is particularly so since the issue of uninsurance may never be reached in the arbitration. (Compare Matter of De Puccio [MVAIC], 30 AD2d 1015 [“Arbitration under the policy is limited to the issue of negligence and the resulting question of damages. (Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 N Y 2d 310”)]; Aetna Life & Cas. Co. v Stekardis, 34 NY2d 182, 186 [“court has no authority to make any judicial determination as to the scope of the arbitrators’ jurisdiction, either as to matters to be included or as to matters to be excluded. (Cf. Matter of Raisler Corp. [N. Y. City Housing Auth.], 32 N Y 2d 274.)”])
Nevertheless, our courts have consistently construed CPLR 7503 (subd [c]) as containing, in effect, a Statute of Limitations for proceedings to stay arbitration which cannot be judicially abrogated. (Aetna Life & Cas. Co. v Stekardis, supra; Matter of Spychalski [Continental Ins. Cos.], 58 AD2d 193, affd 45 NY2d 847; cases cited at 58 AD2d 195; Ben Miller, Inc. v Marcus Bros. Textiles, 59 AD2d 850.) This rule has been invoked in cases where the petitioner has timely sought a stay but through some unforeseen circumstance has failed to effect service of his petition within 20 days. (Ben Miller, Inc. v Marcus Bros. Textiles, supra; see, also, Matter of Yak Taxi v Teke, 52 AD2d 765, affd 41 NY2d 1020; Matter of Jonathan Logan, Inc. [Stillwater Worsted Mills], 31 AD2d 208, affd 24 NY2d 898.) It has also been invoked in a case where the insurer claimed there was no coverage since the claimant never *199 came into contact with an uninsured motor vehicle (cf. Aetna Life & Cas. Co. v Stekardis, 34 NY2d 182, supra; Matter of Smith [Great Amer. Ins. Co.], 29 NY2d 116). It has even been raised as a bar notwithstanding the petitioning insurer showed that another insurer had conceded liability for the uninsured claim and had agreed to pay the claimant the maximum damages allowable. (Matter of Spychalski [Continental Ins. Cos.], supra.) Obviously, then, the competing public policy considerations have been fully weighed by our appellate courts and have been found to balance in favor of compelling “diligence and procedural orderliness.” (Matter of Raisler Corp. [New York City Housing Auth.], 32 NY2d 274, 281, n.)
In the face of this overwhelming authority, petitioner’s application cannot be granted unless the court finds that the service of the second demand for arbitration vitiated the first demand or otherwise started the 20-day limitation period freshly running. Although not argued by petitioner, some authority for this approach can be found in the rule that a jurisdictional defense which has been waived by the defendant’s failure to include it in his answer (see CPLR 3211, subd [e]) can be revived where the plaintiff serves an amended pleading. (Blatz v Benschine, 53 Misc 2d 352 [Margett, J.]; see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C321L63.) But, upon analysis the analogy is seen to be far from close since CPLR 3211 (subd [e]) has not been applied with the same severity as the arbitration statute. This is clear from the decisions allowing amendment of an answer to include a jurisdictional defense (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:62), a result wholly at odds with the arbitration decisions cited above.
More to the point, it appears an increase in the amount demanded at arbitration has been held not to constitute a new demand for purposes of a motion to stay arbitration (Matter of Davis, Brody & Wisniewski [Temple Emanu-el], 49 Misc 2d 1067, affd 27 AD2d 842). Indeed, if an analogy to CPLR pleading rules were to be made, our Court of Appeals has made clear that a formal pretrial amendment to a complaint is no longer necessary to increase the ad *200 damnum, and such an amendment can be sought even after verdict. (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18.) Thus, should judicial pleading rules be applied here, the second arbitration demand served by respondent was unnecessary and was undoubtedly, as respondent contends, an inadvertence. In final analysis, then, the effort to apply the rules applicable to pleadings to the facts here presented must fail.
For the foregoing reasons, the petition is dismissed.

 No opposition to the motion is submitted by either Chubb Insurance Group or Crum & Forster, named in the caption as “correspondents”. Nevertheless, the court concludes it has no jurisdiction over these parties since they were served by certified mail, not personally as required by statute (cf. CPLR 311,403, subd [cl). Although CPLR 7503 (subd [c]) provides for service of an application to stay arbitration by certified mail, it so provides only “upon the adverse party”, i.e., the party seeking arbitration. Since the instant “correspondents” never sought to arbitrate with petitioner, their rights and *198 liabilities can only be determined in an action or proceeding where they have been personally served.