■ JOSEPH TROIANO et al., Respondents, v OTSEGO MUTUAL FIRE INSURANCE COMPANY, Appellant, et al., Defendant. — Order, Supreme Court, Bronx County (Anthony J. Mercorella, J.), entered February 25, 1983, which in an action for declaratory judgment regarding insurance coverage denied defendant's motion to vacate its default and for permission to serve its answer and interrogatories, and which granted plaintiffs' cross motion for entry of a default judgment, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, the motion to vacate the default is granted, and the defendant is directed to serve its answer within 20 days after the date of this order. In an action for declaratory judgment regarding insurance coverage, defendant Otsego Mutual Fire Insurance Company appeals from an order (1) denying its motion to vacate its default and to serve its answer and interrogatories and (2) granting plaintiffs' cross motion for the entry of a default judgment. The order appealed from was indisputably correct at the time it was rendered, the failure of defendant to have timely served its answer constituting law office failure of a kind that rendered the default inexcusable under *Eaton v Equitable Life Assur. Soc.* (56 NY2d 900). However, the facts set forth in the record make this a peculiarly appropriate case to exercise the discretion thereafter made available by the newly enacted CPLR 2005. It is clear that defendant's counsel promptly prepared an answer and interrogatories in response to the verified complaint in this action. A secretarial error then occurred, which resulted in that answer and interrogatories being served, not on the counsel for the plaintiffs in the declaratory judgment action, but rather on counsel for the plaintiff in the underlying personal injury action. As soon as counsel for the defendant in this action became aware of this secretarial error, prompt efforts were made to forward the answer and interrogatories to plaintiffs' counsel. No prejudice whatever is disclosed. The record adequately demonstrates that the defendant may have a meritorious defense. Concur — Murphy, P. J., Sandler, Fein, Milonas and Kassal, JJ.