(October 13, 1988)

■ In the Matter of the Arbitration between ALLSTATE IN-SURANCE COMPANY, Respondent, and SYLVIA JONES-BARNETT, Appellant.—Order, Supreme Court, New York County (Martin Evans, J.), entered September 15, 1987, which, *inter alia,* granted the petition to stay arbitration to the extent of directing a preliminary trial on the issues of the timely reporting of the accident and the timely filing of said petition, unanimously reversed, on the law and facts, the stay vacated, arbitration directed, and the petition dismissed, with costs.

On January 8, 1987, respondent-appellant Sylvia Jones-Barnett (appellant) suffered injuries as the result of a hit-and-run automobile accident occurring at or near the intersection of Belmont and Euclid Avenues in Brooklyn. By 911 emergency telephone call placed at 3:18 P.M., the accident was reported to the police within minutes of its occurrence.

On February 3, 1988, petitioner-respondent Allstate Insurance Company (respondent) was notified of appellant's claim for uninsured motorist benefits by letter from appellant's counsel, dated February 2, 1988, and sent via certified mail, return receipt requested. Appellant subsequently served upon respondent, on June 11, 1987, a notice of intention to arbitrate pursuant to CPLR 7503 (c). On July 8, 1987, respondent served a petition to stay arbitration upon appellant. Appellant opposed the stay on the grounds that it was untimely since it had not been served within 20 days after her service of the notice of intention to arbitrate, as required under CPLR 7503 (c).

The court below granted respondent's petition to the extent of directing a preliminary trial with respect to the timeliness of (1) the reporting of the accident to the police and (2) the service of respondent's stay petition. We reverse, vacate the stay, direct arbitration and dismiss the petition.

CPLR 7503 (c) provides that "An application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded". Failure to satisfy this statutory time period constitutes a bar to judicial intrusion into arbitration proceedings and, absent special circumstances not present here, the courts have no discretion to extend the time period and consider an untimely application. *(Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182; *see, Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264, 267.)

Here, respondent, which served its stay application on July

8, 1987, contends that it received the notice of intention to arbitrate on June 18, 1987, and that it has, therefore, met the statutory time period. Contained in the record, however, are copies of appellant's affidavit of service by mail on June 11, 1987, and a corroborating certified mail return receipt, which clearly establish that the notice was mailed on June 11, 1987, and delivered to respondent's offices on June 12, 1987.

Accordingly, a preliminary trial on this issue is unwarranted, and respondent is barred from seeking a stay of arbitration. In light of this determination, we need not reach the merits, if any, of respondent's challenges to appellant's claim. Concur—Murphy, P. J., Sandler, Ross, Kassal, and Wallach, JJ.