■ In the Matter of WILLIAM R. GERSHEN et al., Respondents, v WERNER HESS et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about December 5, 1989, which granted the petition of petitioners to stay arbitration and denied respondents' cross motion to consolidate this arbitration proceeding with another pending arbitration proceeding, unanimously reversed, on the law, the facts and in the exercise of discretion, the petition to stay arbitration is dismissed and the cross motion to consolidate the two pending arbitrations is granted, with costs.

From 1964 to 1987, petitioners William R. Gershen and

George J. Gershen (the Gershens) were shareholders of Halo Fashions, Inc., a firm engaged in the manufacture and sale of garments, with respondents Werner and Gunther Hess (the Hesses). Pursuant to an agreement which became effective July 1, 1987, the Gershens sold their shares of Halo to the company and to Charles Bezner. As a result, Bezner and each of the Hesses became one-third shareholders of Halo. Paragraph 8 of the contract of sale contained a broad arbitration clause. On July 1, 1987, Bezner and the Hesses also entered into a stockholders' agreement with Halo which contained the identical arbitration provisions. By separate agreement dated January 1, 1988, Bezner became a 50% shareholder of Halo with the Hesses retaining a 50% interest.

Bezner thereafter commenced an arbitration proceeding before the American Arbitration Association against the Hesses and Halo alleging corporate mismanagement and breach of fiduciary obligations. The Hesses and Halo then commenced a separate arbitration proceeding against the Gershens seeking indemnification from all claims sustained against them in the proceeding initiated by Bezner.

After the Gershens moved to stay the arbitration commenced by the Hesses and Halo, the Hesses cross-moved for consolidation of the arbitration with the Bezner arbitration. The Supreme Court granted the petition to stay the arbitration on the ground that the arbitration against the Gershens was premature since a prime obligation of the Hesses had not yet been established and since the Gershens' liability could not be ascertained prior to a determination in the Bezner arbitration. The court also denied the cross motion to consolidate.

The Supreme Court erred in granting the petition staying arbitration since it was undisputed that a valid agreement was entered into by the parties, the agreement was complied with and since the claim was not barred by the applicable Statute of Limitations (CPLR 7502 [b]; *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358). Although the Gershens contend that it is premature to require the arbitration of the indemnification or contribution claims, once the court determines that a dispute within the scope of the arbitration clause exists, "the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501; *and see, Matter of Cowper Co. [Hires-Turner Glass Co.]*, 51 NY2d 937; *Bellevue S. Assocs. v Heckler Elec. Co.*, 95 AD2d 721, 723, *affd* 62 NY2d 873). The agree-

ments' broad arbitration clauses contain no condition precedent to the arbitration of the instant dispute and the issues may best be determined by the arbitrators on the basis of their interpretation of the contracts *(supra)*.

The Supreme Court also erred in granting George Gershen's petition to stay arbitration since he failed to apply to stay the proceedings within 20 days after service upon him of the notice to arbitrate (CPLR 7503 [c]; *Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182; *Matter of Allstate Ins. Co. [Jones-Barnett],* 143 AD2d 570).

We further find that it was an improvident exercise of discretion for the Supreme Court to have denied the cross motion to consolidate the arbitration proceedings in light of the existence of at least one common party, common issues, the possibility of inconsistent judgments should separate proceedings be conducted and since the Gershens have failed to demonstrate that they would be prejudiced by such consolidation *(Matter of Cowper Co. [Hires-Turner Glass Co.], supra; County of Sullivan v Edward L. Nezelek, Inc.,* 42 NY2d 123; *Matter of Vigo S. S. Corp. [Marship Corp.],* 26 NY2d 157, *cert denied sub nom. Snare Corp. v Vigo S. S. Corp.,* 400 US 819). Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.