■ In the Matter of STATE FARM MUTUAL INSURANCE COMPANY, Appellant, v CARLOS M. GENAO, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner, State Farm Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated November 30, 1989, as, upon reargument and renewal, adhered to a determination, made in an order of the same court entered September 12, 1989, dismissing the petition on the ground that service upon the respondent was improper.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the proceeding is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

On or about April 11, 1989, the respondent was involved in an accident allegedly caused by a hit-and-run driver. The respondent's attorney served the petitioner with a notice of intention to arbitrate by certified mail, return receipt requested, pursuant to the uninsured motorist endorsement of the insurance policy applicable to the vehicle. The attorney's name did not appear on the notice. In response, the petitioner

served upon the respondent's attorney a notice of petition to stay the arbitration on the ground that the respondent had not complied with the provision in the policy endorsement which required that the insured report a hit-and-run accident to the police within 24 hours or as soon as reasonably possible. In response to the petition for a stay of arbitration, the respondent alleged, *inter alia,* that the petitioner had advised him that it was not necessary to contact the police. He did not contest the propriety of service of the petition.

The court did not reach the substantive issues raised by the parties. It denied the petition on the ground that it was "jurisdictionally defective" under CPLR 7503 (c), since it was served upon the respondent's attorney, and the attorney's name did not appear on the notice of intention to arbitrate. Upon renewal and reargument, the court adhered to the original determination.

The issue of the propriety of the method of service used to commence the proceeding, raised *sua sponte* by the court, was waived by the respondent's raising a defense on the merits in his responding papers without raising a jurisdictional objection *(see, Rider Ins. Co. v Marino,* 84 AD2d 832; *Matter of Katz,* 81 AD2d 145, 148-150, *affd* 55 NY2d 904; *Matter of Standard Steel Section v Royal Guard Fence Co.,* 62 AD2d 1040; *cf.,* CPLR 320 [a]). Accordingly, the matter is remitted to the Supreme Court for a determination of the merits of the disputed issues of fact raised by the respondent *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1). Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.