■ In the Matter of the Arbitration between METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, Respondent, and JAMES COPING, Appellant, et al., Proposed Respondents.

Respondent Metropolitan Property & Casualty Insurance Company brought this proceeding to stay an arbitration proceeding commenced by appellant James Coping to recover uninsured motorist benefits under a policy issued by Metropolitan. Appellant Coping claims damages for injuries allegedly sustained when he was a passenger in a vehicle owned by proposed additional respondent Mulugeta T. Tesfai, which was struck by a vehicle owned by proposed additional respondent Victor Amparo. Metropolitan insured Tesfai's car. Proposed additional respondent Eagle Insurance Co. allegedly insured Amparo's car. It is submitted that the arbitration should be stayed because there is no entitlement to uninsured motorist benefits if, as contended, Amparo's car was insured.

Due to a clerical error, the application for a stay was sent to an incorrect address, and appellant's counsel did not receive it until after expiration of the 20-day period prescribed by CPLR 7503 (c).

It is well settled that the time limitation prescribed by CPLR 7503 (c) is jurisdictional, and, absent special circumstances, courts have no jurisdiction to consider an untimely application. *(See, Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182; *Matter of Allstate Ins. Co. [Jones-Barnett],* 143 AD2d 570.)

The Motion Court held that the clerical error should be disregarded as a mere irregularity pursuant to CPLR 2001 and 2005. We cannot agree. CPLR 3012 (d) authorizes a court in its discretion to excuse defaults in pending actions *(see, Brooklyn Union Gas Co. v Aaer Sprayed Insulations,* 158 AD2d 292; *Troiano v Otsego Mut. Fire Ins. Co.,* 99 AD2d 719); it does not authorize a court to extend the period of time in which an action may be commenced. Where, as here, there is a *prima facie* valid agreement to arbitrate, the special circumstances exception of *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264) is inapplicable. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.