OPINION OF THE COURT
William H. Keniry, J.
This application seeks an order approving both the settlement of an infant’s claim and sanctioning the submission of the infant’s controversy to arbitration.
Holly Schafer, now 8 years old, was injured in a May 17, 1992 incident. Holly was playing with a next door neighbor’s child, Jessica Volk, when Jessica picked up a set of garden shears and caused a laceration to Holly’s right ring finger which required medical treatment costing $1,600. Holly has a scar on her finger and complains of discomfort in cold weather. Plaintiff, Holly’s mother, commenced an action on Holly’s behalf against the owner of the premises, Mary Green, and Jessica’s mother, Patricia Volk.
Before defendants were served with a summons, plaintiff’s attorney and the property owner’s insurer reached an agreement to submit the claim to binding arbitration. A high/low agreement of $25,000/$2,500 was negotiated. A private arbitration firm was retained by the parties, the arbitration was held and the arbitrator found that plaintiff had no cause of action on behalf of her daughter. Plaintiff, under the high/low agreement, is now entitled to receive a payment of $2,500 from the insurer.
Neither plaintiff’s counsel nor the insurer nor the private arbitration company considered the impact of CPLR 1209 on the events which took place. CPLR 1209 provides that a "controversy involving an infant * * * shall not be submitted to arbitration except pursuant to a court order made upon application of the representative of such infant”.
It appears that this private arbitration proceeding is void ab initia. In Aetna Life & Cas. Co. v Stekardis (34 NY2d 182, 186), the Court held that the "failure to obtain such orders [approving the arbitration of infants’ claims] prior to the submission to arbitration here is not fatal, however, provided that appropriate orders are obtained before the opening of the arbitration hearing”. Here the court is asked to sanction the arbitration of an infant’s claim after the proceeding was held and with knowledge that the arbitrator held that the claim lacks merit. Although CPLR 2001 permits the nunc pro tune correction of omissions, the court does not believe that this is *343 the type of omission that should be routinely overlooked. There is an increased utilization of arbitration services in our State in which parties agree to resolve controversies in a private forum which would otherwise have been resolved in our courts. Members of the Bar should be aware that CPLR 1209 limits the right to arbitrate the claims of infants, judicially declared incompetents and conservatees. The court does not believe that a failure to get court approval should be lightly sanctioned and it will not here grant an after-the-fact order approving the unsuccessful arbitration of the claim of Holly Schafer.
What is the effect of this decision on the balance of plaintiff’s application? Plaintiff has now, in effect, received an offer of settlement of $2,500 made on behalf of one defendant, the property owner, and the court, of course, is entitled to review the adequacy of the proposed compromise of the infant’s claim in its discretion taking into consideration the factors identified in CPLR 1208. The result of the nonapproved arbitration can certainly be considered by the court in its review of the compromise proposed.
Yet, the court finds that plaintiff’s present application does not satisfy all of CPLR 1208’s requirements. For example, medical reports or records are not included (CPLR 1208 [c]), nor is any mention made of the liability of defendant Patricia Volk and the status of the claim against her.
The court will accordingly reserve decision on the application to approve the settlement of the infant’s claim to permit the submission of revised and/or additional papers for its consideration.
The application to approve the submission of Holly Schafer’s claim to arbitration is denied, without costs.