■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v GIOVANNI P. RAPISARDA, Appellant. [784 NYS2d 140]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the appeal is from an order of the Supreme Court, Queens County (Hart, J.), dated November 3, 2003, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith, and for a new determination of the petition thereafter.

In December 2000 the appellant, Giovanni P. Rapisarda, allegedly was injured while driving a vehicle owned by his wife Lucia Reina, when it was struck by another motor vehicle. After settling his claim against the driver of the offending vehicle, the appellant demanded arbitration of his claim for underinsured motorist benefits under the automobile insurance policy issued

by the petitioner, Liberty Mutual Insurance Company (hereinafter Liberty Mutual), to his father-in-law, Giuseppe Reina, with whom he resided. In June 2002 Liberty Mutual brought this proceeding to permanently stay the arbitration, arguing that it did not receive timely notice of the underinsured motorist claim as required by the terms of the policy. The Supreme Court directed that a hearing be held on the issue of notice. However, the hearing court did not reach the notice issue raised by the petitioner; rather, it granted the petition on the ground that the appellant had no standing to demand arbitration under his father-in-law's policy. We reverse.

The issue of the appellant's standing to seek arbitration under the subject policy, raised sua sponte by the hearing court, was waived by the petitioner's failure to raise this issue in its petition or amended petition (see Matter of State Farm Mut. Ins. Co. v Genao, 175 AD2d 164 [1991]). Contrary to the petitioner's contention, it failed to submit any evidence sufficient to raise a triable issue with respect to the appellant's residence, and the hearing court erred in permanently staying the arbitration on that basis (see Matter of Prudential Prop. & Cas. Ins. Co. [Galioto], 266 AD2d 926 [1999]; National Grange Mut. Ins. Co. v Diaz, 111 AD2d 700 [1985]).

Accordingly, we remit the matter to the Supreme Court, Queens County, for an evidentiary hearing on the issue of notice and for a new determination of the petition thereafter. Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.