■ ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI A.S., Respondent, v TRAVELERS INSURANCE Co., Appellant. [916 NYS2d 88]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered January 12, 2010, permanently staying arbitration, and bringing up for review an order, same court and Justice, entered December 30, 2009, which granted petitioner's motion for a permanent stay of arbitration, unanimously reversed, on the law, without costs, the stay vacated, and the petition denied. Appeal from the aforesaid order unanimously dismissed without costs, as subsumed in the appeal from the judgment.

Petitioner entered into a contract to purchase scrap metal from nonparty U.S. Ferrous Trading Division, Tube City Division, Tube City IMS (Tube City). Tube City was to ship the scrap metal to a designated port in Turkey pursuant to a charter party agreement with a cargo vessel owner it had nominated (nonparty Sangamon Transport Group). The scrap purchase agreement provided, inter alia, that "[a]ll disputes arising in connection with this contract shall exclusively be settled through arbitration by the American Arbitration Association [AAA] in New York/U.S.A. in accordance with their rules."

At the same time, Tube City entered into a separate agreement with respondent Fairless Iron & Metals pursuant to which Fairless would supply Tube City with the scrap metal to be shipped to petitioner. While it apparently was Tube City that nominated Sangamon, it was Fairless that executed the charter party agreement with Sangamon.

When the shipment arrived in Turkey, petitioner rejected the scrap metal and arranged for the Turkish authorities to detain the vessel. Sangamon demanded arbitration against Fairless, pursuant to the charter party agreement, alleging losses due to the detention of the vessel, stevedore damage and other expenses incurred. On the ground, inter alia, that the stevedores were

hired by petitioner, Fairless demanded that petitioner defend it in the arbitration proceeding. It also placed Sangamon on notice that it was "vouching in" petitioner to that proceeding. Thereafter, Tube City assigned to Fairless "in full, all rights and claims it ha[d] against [petitioner], under [the scrap purchase agreement], including, but not limited to, the right to arbitration."

We note initially that, given the arbitration clause's specific incorporation by reference of AAA rules, the question of arbitrability, which includes the existence, scope and validity of the arbitration agreement, is for the arbitrator to determine (*see Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's*, 66 AD3d 495, 496 [2009], *affd* 14 NY3d 850 [2010]). The petition to permanently stay arbitration should have been denied upon this ground alone.

In any event, as the broad arbitration clause in the scrap purchase agreement does not expressly preclude an assignee of a signatory to the agreement from seeking arbitration, Tube City's assignment to Fairless of its rights against petitioner under the agreement gave Fairless the right to demand that petitioner submit to arbitration (*see Matter of Vann v Kreindler, Relkin & Goldberg*, 78 AD2d 255, 259 [1980], *affd* 54 NY2d 936 [1981]).

Fairless was assigned Tube City's rights under the scrap purchase agreement to enable it to seek indemnification from petitioner in the event it became obligated to Sangamon for damages associated with the detention of the cargo vessel. The assignment does not violate Judiciary Law § 489 (1), because Fairless was not assigned an existing collectible claim "with the intent and for the purpose of bringing an action or proceeding thereon."

The scrap purchase agreement incorporates the terms of the charter party agreement regarding loading and unloading the vessel, including specifically that the "Charterers [Fairless] [were] to be ultimately responsible for any damage caused to the vessel by Stevedores." Under the agreement, petitioner was responsible for hiring the stevedores. Thus, Fairless's claim for common-law indemnification against petitioner in connection with the alleged negligence of the stevedores, while collateral to the scrap purchase agreement, is encompassed in the agreement's broad arbitration clause.

Having determined that the dispute is within the scope of the arbitration clause, we do "not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (*Matter of Gershen v Hess*,

163 AD2d 17, 18 [1990]). Fairless's claim for indemnification depends upon the outcome of pending proceedings brought against it by Sangamon and is therefore viable. Petitioner may, if so advised, assert its argument that the demand for arbitration was premature as a defense in the arbitration (*see e.g. Cementos Andinos Dominicanos, S.A. v East Bulk Shipping S.A.*, 2006 WL 1206475, *1, 2006 US Dist Lexis 25888, *3 [SD NY 2006]). Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Abdus-Salaam, JJ.