*462 Judgment, Supreme Court, New York County (Alexander W. Hunter, J.), entered February 8, 2011, which, to the extent appealed from as limited by the briefs, granted the petition confirming so much of an arbitration award awarding petitioner David Levin $50,000 on his counterclaim for defamation against respondent Alex Astilean, and awarding petitioners costs and attorneys’ fees incurred in connection with the arbitration in the amount of $357,586.74 providing that $250,000 of that amount was to be paid from fees held in escrow, unanimously affirmed, without costs.
The agreement at issue in this case was between respondent Speedfit LLC and petitioner With You, Inc. for the services of petitioner Jessica Simpson in the production of a video featuring an exercise program created by respondent Alex Astilean, co-owner of Speedfit. The arbitration clause in the agreement is broad and reads as follows: “Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this Agreement to arbitrate, shall be determined by arbitration.”
We find no basis to disturb the arbitrator’s finding that With You properly terminated the contract based on Speedfit’s failure to present a video for final approval within a “reasonable time” after filming of the video (Savasta v 470 Newport Assoc., 82 NY2d 763, 765 [1993]). We likewise find no reason to disturb the arbitrator’s finding that petitioners are entitled to be indemnified for attorneys’ fees incurred in connection with the arbitration proceeding pursuant to the contract’s indemnification clause which, the arbitrator determined, is not limited to third-party claims (see Sagittarius Broadcasting Corp. v Evergreen Media Corp., 243 AD2d 325, 326 [1997]). This construction of the contract was neither irrational nor in excess of the arbitrator’s powers (see generally Matter of Brown & Williamson Tobacco Corp. v Chesley, 7 AD3d 368, 372-373 [2004]). Even assuming, however, that the arbitrator misconstrued the indemnification clause, this would not constitute a proper basis for vacating the award (see Maross Constr. v Central N.Y. Regional Transp. Auth., 66 NY2d 341, 346 [1985]).
During the course of the parties’ relationship, a dispute arose over who should appear in the video. Unbeknownst to petitioner David Levin, Simpson’s business manager, Astilean was secretly recording their meetings and phone calls. Following the termina *463 tion of the agreement and the commencement of arbitration, Astilean released or caused to be released portions of a telephone conversation with Levin, which made it seem as if the released portion was an uninterrupted conversation. As a result of the released information, Levin interposed a counterclaim in the arbitration for defamation against Astilean. Astilean did not seek a stay of arbitration of the counterclaim, but instead continued to participate in the arbitration. The arbitrator awarded Levin $50,000 on the counterclaim, finding that the false impression created by the manipulation of Levin’s statements was slander per se.
The motion court properly confirmed that portion of the arbitration award related to the defamation counterclaim. The contract itself provided that all disputes and differences, including those related to the scope of the arbitration, be referred to the arbitrator. Thus, whether the defamation counterclaim was arbitrable was for the arbitrator to decide (see Icdas Celik Enerji Tersane Ve Ulasim Sanayi A.S. v Travelers Ins. Co., 81 AD3d 481, 483 [2011]; Life Receivables Trust v Goshawk Syndicate 102 at Lloyd’s, 66 AD3d 495 [2009], affd 14 NY3d 850 [2010]). Since this claim arises directly out of the dispute over the video and relates directly to the subject of the agreement, no basis exists to overturn the arbitrator’s decision to address those issues. “Having determined that the dispute is within the scope of the arbitration clause, we do not consider whether the claim ... is tenable, or otherwise pass upon the merits of the dispute” (Icdas Celik, 81 AD3d at 483 [internal quotation marks omitted]). Here, the arbitrator’s decision to address and award damages for the injury to Levin’s reputation was not totally irrational or against a strong public policy and therefore was properly confirmed.
Astilean argues that the arbitration award on the defamation claim cannot stand because he was not a party to the agreement or its arbitration clause. This, however, does not avail Astilean. Because he actively sought arbitration in his individual capacity, he is estopped from seeking to vacate the arbitration award. Despite being a nonsignatory to the agreement, Astilean nevertheless commenced the arbitration and brought claims against petitioners, not only on Speedfit’s behalf, but also in his individual capacity. By this conduct, Astilean manifested a clear intent to arbitrate. Having availed himself of the arbitral forum in his individual capacity and lost, Astilean cannot now be heard to complain that the arbitrator found against him personally, and is thus estopped from challenging the award on this basis.
Matter of Silverman (Benmor Coats) (61 NY2d 299 [1984]), *464 relied upon by Astilean, does not require a different result since in that case, the Court of Appeals never addressed the salient issue here — whether a nonsignatory to an arbitration agreement who affirmatively seeks arbitration in his individual capacity is thereafter estopped from challenging the arbitration award on grounds that an award against him exceeds the powers of the arbitrator. Rather, Silverman addressed whether participation in an arbitration waives the participant’s right to seek vacatur of the award on the ground that the arbitrator exceeded his powers by addressing claims outside the scope of the arbitration clause.
We have considered the remainder of respondents’ arguments and find them unavailing. Concur — Tom, J.P., Catterson, Richter, Abdus-Salaam and Román, JJ.